# CHARLESTON.

BODKIN *et al v.* ROLLYSON *et al.*

| 48 | 453 |
|----|-----|
| 52 | 658 |
| 48 | 453 |
| 62 | 118 |

Decided December 8, 1900.

I. BILL OF REVIEW—*Newly Discovered Evidence.*

A person cannot maintain a bill of review to set aside a decree by reason of the discovery of new evidence or a mistake in a long-settled account, existent at the time of the decree, and of which he was ignorant by reason of his own negligence and inattention to business. (p. 454).

2. DECREE—*Setting Aside—Fraud.*

Fraud, to set aside a decree, must be fraud in the procurement thereof, and not in alleged mistakes and additions in a store account settled by note more than five years previous to such decree, and on which it is founded. (p. 454).

3. ALLEGED FRAUD—*Evidence.*

Alleged fraud must be proven, and it is not sustained by evidence of mistaken additions on the face of a store account, always open to inspection, and long settled by note. (p. 455).

4. FINAL DECREE—*Res Adjudicata.*

A final decree of a court of competent jurisdiction is *res adjudicata* as to every matter actually determined or which might have been litigated as incident thereto, or within the legitimate purview of the subject-matter of the suit. (p. 455).

5. SUIT TO ENFORCE PAYMENT—*When Barred.*

A debtor who neglects to make a proper defense to a claim presented by a creditor against him in a suit instituted to enforce payment of his debts is barred from afterwards setting up such defense, either at law or in chancery. (p. 454).

Appeal from Circuit Court, Braxton County.

Bill by Bodkin & Cutlip against Rollyson & Moon. Judgment for defendants, and plaintiffs appeal.

*Affirmed.*

HINES & KELLEY, for appellants.

DULIN & HALL, for appellees.

DENT, JUDGE:

Bodkin & Cutlip filed their bill in the circuit court of Braxton

County against Rollyson and Moon to correct certain alleged mistakes in addition made in a store account of the defendants against the plaintiffs. Rollyson died pending the suit, and it was continued against Moon as surviving partner and Rollyson's administrator, in whose favor a decree was finally entered dismissing the bill.

The facts are as follows: Plaintiffs began to run a store bill with defendants in 1890. In 1891, they made a settlement and plaintiffs executed their note for a balance of one thousand two hundred dollars. In 1892, they made another settlement, and plaintiffs executed their note for a balance of one thousand seven hundred and forty dollars and eighty-one cents, including the one thousand two hundred dollar note. In 1895, in a suit instituted by L. D. Stoustreet to subject the property of Bodkin and Cutlip to the payment of their debts, this note was presented, and on May 1, 1895, a decree was entered for the satisfaction of the balance due thereon. In September, 1897, the present bill was filed seeking, on the grounds of fraud and mistake to go behind such decree, settlement and notes, and show errors in the page additions of the account on which they were founded amounting to the sum of three hundred and ninety-four dollars and five cents. The defendants insist on *laches,* the bar of the statute of limitations and *res adjudicata.* The plaintiffs relying on mistake and fraud ask that their bill be treated as a bill of review on the grounds of after discovered evidence. Waiving all technical objections to this bill as a bill of review and considering the merits, it is impossible to sustain it. The evidence on which the plaintiffs rely could have been discovered by the exercise of reasonable diligence prior to the decree on the note. *Wethered* v. *Elliott,* 45 W. Va. 436. "The matter relied on must not only be new but it must be such as the party by the use of reasonable diligence could not have known. *Dingess* v. *Marcum,* 41 W. Va. 757. In this case the matter relied on arose merely from the negligence of the plaintiffs in not looking after their business. They say they relied on the defendants to keep correct accounts. This does not excuse their negligence, so as to afford them relief in equity, which favors the vigilant and not those guilty of *laches* in their business transactions. There is nothing to show but that the plaintiffs had every opportunity both before and after the settlements and prior to the decree to examine the accounts kept by the defendants. On the contrary in their two settle-

ments they did and could have the opportunity, if they had embraced it, but they chose to rely on the plaintiffs to do their business for them according to the evidence produced by themselves. The only fraud claimed is that the defendants purposely and knowingly made the additions wrong, and yet there is no evidence to sustain this except the copy of the accounts exhibited, nor is it made plain that if such mistakes existed, they were not corrected at the time of the settlements. There is no fraud alleged or proven in the procurement of the decree. By reasonable diligence is meant reasonable attention to business. A person who settles a store account and waits more than five years to examine the same, cannot have the settlement re-opened on an alleged discovery of mistakes of addition of credits therein. Such is not a reasonable attention to business. The statute of limitations was intended purposely to give repose to such matters. 1 Am. & En. En. Law 465; *Ogden* v. *Astor,* 4 Sandf. 311. A person seeking the aid of equity against a judgment or decree on the ground he was ignorant of an after discovered defense must show the exercise of ordinary diligence to discover it, or that he was prevented from doing so by fraud, accident or the act of the opposite party unmixed with negligence on his part. 21 Am. & En. En. Law 223; 1 Story's Equity Juris. ss. 894, 895; *Stinnett* v. *Branch Bank,* 9 Ala. 120; *Cawlus* v. *Koch,* 72 Mo. 645; Story's Equity Pleading, s. 414. It has been settled by this Court that "An adjudication of a court having jurisdiction of the subject matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject matter of the suit." *Sayre's Admr.* v. *Harpold,* 33 W. Va. 553; *Rogers* v. *Rogers,* 37 W. Va. 407. The question now raised could have been litigated in the chancery suit relied on as *res adjudicata,* and the only excuse for not doing so is that plaintiffs because of their confidence in defendants neglected a discovery which they might have had by ordinary attention to business, which afterwards came to them by accident or chance. This is not a reasonable nor sufficient excuse, but is a confession of *laches* and negligence, which deprives them of equitable remedy, either by original bill or bill of review.

Hence, the decree must be affirmed.

*Affirmed.*