# CHARLESTON.

BRAND *v.* SWINDLER, JUSTICE, *et al.*

Submitted June 10, 1909.   Decided February 7, 1911.

1. PROHIBITION—*Answer to Rule—Denial of Writ.*

In prohibition, when the answer to the rule sets up new matter of fact justifying a denial of the writ and the same is not controverted, the rule should be discharged and the writ denied.

2. EVIDENCE—*Docket—Conclusiveness.*

A justice's docket is not conclusive evidence of the date of the rendition and entry of a judgment noted therein. It may be shown to be erroneous in this particular.

3. TIME—*Setting Aside Judgment—Computation of Time.*

In computing the time from the day of the entry of judgment by a justice to the day that the judgment is set aside by him, to ascertain whether the judgment is set aside within the fourteen days prescribed by statute, the day of the entry of the judgment shall be excluded and the day that it is set aside included.

Error to Circuit Court, Marion County.

Petition of Harry F. Brand for a writ of prohibition to J. I. Swindler, Justice, and others. From an order denying the writ, plaintiff brings error.          *Affirmed.*

*Charles H. Leeds,* for plaintiff in error.

*Harry Shaw,* for defendants in error.

ROBINSON, JUDGE:

Brand sued Vangilder, before a justice of the peace, for money claimed to be due. The case was tried on January 5, both parties appearing. Judgment for the plaintiff was pronounced. The defendant gave notice to the plaintiff that on January 19 he would move the justice to set aside the judgment and grant a new trial. On the last named day, the parties appeared and motion pursuant to the notice was heard by the justice. That day being a Saturday, the justice reserved decision until the next Monday, January 21, on which day he sustained the motion and made an order setting aside the judgment and fixing a date for a new trial of the case. Plaintiff, insisting that more than fourteen days had elapsed from the day the judgment was entered to the day it was set aside and that thereby the justice had lost jurisdiction of the case, petitioned the intermediate court of the county for a writ of prohibition in the premises. A rule was issued that the justice and the defendant in the case before the justice show cause why the writ of prohibition should not be awarded. The justice and the defendant each answered the rule, under oath, setting up the fact that the docket, wherein it appeared the judgment was rendered on January 5, was erroneous; that in truth the rendition and entry of the judgment was on January 7; that while the case was tried on January 5, a Saturday, the justice reserved judgment until the following Monday, January 7, as he had power to do by the terms of the statute; and that the judgment was not pronounced and entered until the latter date, so that the action of the justice in setting aside the judgment on January 21 was within fourteen days of its rendition and entry. No reply or answer was made by the plaintiff to either of the returns. The intermediate court discharged the rule and denied the writ of prohibition. On writ of error the circuit court affirmed this judgment of the intermediate court. The case in prohibition is now before us on writ of error.

We are of opinion that it was proper to discharge the rule

and to deny the writ. The verified answers to the rule justified this action. From these answers it appeared that the justice did have jurisdiction to set aside the judgment—that action by him in that particular was within fourteen days of the day the judgment was entered. The statute gives a justice power to open a judgment within that time. Code 1906, chapter 50, section 115. Plaintiff relies on the docket of the justice, in which an entry of judgment appears under the date of January 5, the date of the trial. If the judgment was actually pronounced and entered on that date, more than fourteen days elapsed before the day of setting it aside. But the answer of the justice, as well as that of the defendant in the case before the justice, shows that the docket is erroneous as to the date of the entry of judgment. These answers show that the justice reserved decision from the trial day, over the next day because it was a Sunday, to Monday, January 7. Thus they make the fact to appear that the justice set aside the judgment within fourteen days, since he did not pronounce and enter judgment until the last named day. Here is a fact which, if true, gave the justice power to act in setting it aside at the time he did so act in that particular. The rule in prohibition was met by this fact. Plaintiff did not see fit to take issue. He entered no denial. As long as the fact was undenied, it was a complete return why the writ should not issue, because it justified the power which the justice assumed to exercise. The plaintiff could have made an issue on the fact and have had the truth determined by trial. But he did not controvert the fact and there was no issue for the court to try. There was simply a full, complete, and uncontroverted answer to the rule, which negatived the relief sought. What order could the court make other than the one it did make? Plaintiff did not carry the pleadings to isue. In a sense, he abandoned his case, when it was answered by an alleged fact sufficient to defeat the relief he claimed.

In prohibition, as in other cases, new matters well pleaded stand as true if not controverted. *State* v. *Elkin,* 130 Mo. 90; *People* v. *Wyatt,* 186 N. Y. 383; 32 Cyc. 629. "Any pleading setting up new matter, good in law, is taken for true if not controverted." *State* v. *County Court,* 47 W. Va. 672. When there is such failure to plead over, the case stops for want of issue and should be dismissed as not prosecuted. *Henry* v.

*Railroad Co.,* 40 W. Va. 234. The failure to plead works a discontinuance of the case:

The respondents were entitled to show the error in the docket as to the date of judgment. The docket of a justice is not a verity. It is not conclusive evidence of the matters noted therein. Code 1906, chapter 50, section 182. "The docket not being treated as conclusive evidence of the matters contained in it, as the statute expressly so provides, it is clear that errors and omissions in the docket entries may be shown." Hogg's Treatise and Forms, section 703. Judge BRANNON, in an opinion in *McClain* v. *Davis,* 37 W. Va. 339, says: "Our statute makes the docket evidence of a judgment, but it does not make it the sole evidence, for it may be proven by entries or memoranda among the papers required by law to be kept, even by oral evidence of the justice."

Plaintiff argues that January 21 is not within fourteen days of January 7. The statute directs us to exclude the first and include the last day in computing the time in which an act is fixed to be done. Code 1906, chapter 13, section 12. Applying this rule, we observe the judgment was set aside within the time prescribed.

An affirmance of the judgment dismissing the rule and refusing the writ will be ordered.

*Affirmed.*