# CHARLESTON.

HINTON DEPARTMENT COMPANY *v.* T. H. LILLY *et al.*

(No. 6106)

Submitted January 31, 1928. Decided February 7, 1928.

1. HUSBAND AND WIFE—*Common Law Ordinarily Places ·Duty on Husband to Furnish Suitable· Necessaries for Wife; Common-law Duty of Husband to Furnish Suitable Necessaries for Wife is Unchanged in West Virginia.*

    The common law ordinarily places the duty on the husband to furnish suitable necessaries for the wife. That rule is unchanged in West Virginia. (p. 128.)

    (Husband and Wife, 30 C. J. § 124.)

2. SAME—*Husband Has Right to Furnish Reasonable Necessaries for Wife After His Own Method.*

    The rule recognizes the right of the husband to perform that duty after his own method. (p. 128.)

    (Husband and Wife, 30 C. J. § 124.)

3. SAME—*In Action Against Husband for Goods Furnished Wife, Whether His Plan of Providing Made Proper Provision is Jury Question; if Plan Pursued by Husband to Furnish Necessaries to Wife Fails to Afford Proper Provision, She May Pledge His Credit Therefor.*

    If the plan pursued by the husband fails to afford proper provision for the wife (a jury question), she may otherwise pledge his credit therefor. (p. 128.)

    (Husband and Wife, 30 C. J. § 124.)

4. SAME—*That Merchandise Was Charged to Wife on Shop Books is ·Not Conclusive That Sale Was on Her Credit Alone;· in Action Against Husband for Goods Furnished Wife, That Charge Was Made Against Wife on Shop Books is Merely Circumstance for Jury to· Consider.*

    The fact that merchandise was charged to the wife on the

shop books is not conclusive that the sale was on her credit alone. It is merely a circumstance for consideration by the jury. (p. 127.)

(Husband and Wife, 30 C. J. § 140.).

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Summers County.

Action by the Hinton Department Company against T. H. Lilly and another. Judgment for plaintiff, and the named defendant brings error.

*Affirmed.*

*James H. Miller* and *A. D. Daly*, for plaintiff in error.

*Thomas N. Read* and *Thos. Leigh Read*, for defendant in error.

HATCHER, JUDGE:

This case involves the liability of a husband for goods sold and charged to his wife without his consent. He did not deny his legal obligation to supply her with necessaries, but defended on the ground that the purchases were not necessaries; that he had furnished her with sufficient funds for her requirements; that he had forbidden her to trade with the plaintiff and the plaintiff to credit her; that he had directed her to trade at Cook's store and had arranged credit for her there, and that the goods were sold to her by plaintiff solely on her own credit. The jury found in favor of plaintiff.

The husband insists here (1) that the one instruction given was erroneous; (2) that the credit was extended to the wife alone; and (3) that he had made ample provision for her to secure merchandise at Cook's.

(1) We have carefully examined the instruction and find that it is very favorable instead of prejudicial to the husband.

(2) The record does not bear out the contention that credit was furnished to the wife alone. It is true that in answer to the question, ''On whose credit did you sell these goods?'' the manager of plaintiff replied, ''On Mrs. Lilly's'', but he immediately qualified that statement by saying ''I would say

Mr. Lilly's too, we knew that Mr. Lilly would be responsible for the debt if she did not pay it." The mere fact that the goods were charged to the wife does not of itself indicate that credit was extended alone to her. 15 A. & E. Ency. Law, 892; 30 C. J. 600-1; Schouler Domestic Relations, sec. 64. It is a question for the jury. See the well considered case of *Noel* v. *O'Neill*, 128 Md. 202.

(3) On the third proposition the husband testified that he had arranged with the Cook store to supply the wife with whatever merchandise she needed. Mr. Cook confirmed the arrangement and stated that he kept a complete stock of the class of merchandise which the wife purchased from the plaintiff, and that if he did not have the articles in stock which the wife wanted he would have ordered them for her. The wife admits the arrangement with Mr. Cook, but stated that he carried only a cheap stock, that she bought what she could from him; that he did not have the items which she purchased from plaintiff; that Mr. Cook had offered to order her a coat (which was one of the main purchases at plaintiff's store), that she told him to let her know if anything came in which she could wear, but gave him no definite order; that he did not let her know, and she could not remember if she ever made a further examination of his stock as to the coat.

In a full note to *McCreery* v. *Martin*, 84 N. J. L. 236, appearing in Anno. Cas., 1915-A, p. 6, is a clear statement of the law in this respect. "There is no dispute as to the broad rule that the husband while bound to furnish his wife necessaries is entitled to dictate the source from which they shall be procured and the manner in which they shall be purchased." See also Schouler, *supra*, sec. 85.

Under that rule Judge LITZ and myself are of the opinion that the failure of Cook to keep in stock, merchandise satisfactory to the wife, did not put the husband in default, provided Cook could have procured same within a reasonable time. We think the wife should have permitted Cook to make a special order subject to her approval, or at least taken up the matter with the husband, before she purchased elsewhere. The majority of the court are of opinion however, that under all the circumstances in the case her attempt to secure her

requirements at Cook's was a substantial compliance with the husband's directions, and that the inadequacy of Cook's stock of merchandise for her purposes, was sufficient warrant for her to trade elsewhere.

Counsel also contend that the husband had forbidden plaintiff to credit the wife, and for that reason he is not responsible for this debt. Counsel overlook the evidence of plaintiff's manager denying that the husband had ever so interdicted plaintiff. The verdict of the jury resolved the issue on this as well as on all other controverted questions in favor of plaintiff.

The judgment of the lower court is affirmed.

*Affirmed.*

Lively, Judge, Concurring:

Whether the husband could avoid liability for the coat (the principal item of the bill of goods sued on), under the rule that the husband has the right to furnish necessaries for the wife in his own way, is a jury question in which the jury may take into consideration the situation of the parties, their wealth, and station in life, together with the provisions made by the husband for furnishing necessaries. What apparel may be necessaries to some persons may be luxuries to others, depending of course upon their station in life. The parties here are of high character and move in the best of society. The husband is a successful "captain of industry". Cook did not have the articles which the wife wanted. No doubt he could have obtained them had she given him an order. Whether she should wait an uncertain time and then ascertain from inspection and attempts to fit the coat to her person, would be taken into consideration as to whether the plan laid down for her was a proper and adequate provision for a woman of her station in society. I observe that the jury was not instructed or attempted to be instructed by counsel for defendant in this regard. The jury had the right to say under the evidence and circumstances whether her attempt to get her necessary apparel at Cook's was or was not a substantial compliance with the husband's directions

and requirements. They have found that she *did* substantially comply, by the verdict. A verdict in favor of one party necessarily forces the assumption that all questions submitted to the jury were found in favor of that party. It is the court's duty to uphold a verdict when the respective rights of the parties have been fairly submitted to it without prejudicial error. In such case a verdict should not be disturbed unless the finding evinces passion, prejudice or other improper influence on the part of the jury.