E. L. PHILLIPS *v.* COMMERCIAL CREDIT COMPANY

(No. 8807)

Submitted April 18, 1939. Decided May 9, 1939.

*Samuel Solins, W. H. Ballard* and *M. O. Litz,* for plaintiff in error.

*Bailey & Shannon* and *Wm. M. Holroyd,* for defendant in error.

MAXWELL, JUDGE:

To a judgment for $350.00, on verdict, in favor of the plaintiff, E. L. Phillips, against the defendant, Commercial Credit Company, in an action of trespass on the case, writ of error and supersedeas were awarded the defendant.

In September, 1933, the plaintiff purchased of Bailey Motor Company of Mullens an automobile and for the unpaid portion of the purchase price executed to the seller a note for $486.00, payable in monthly installments of $27.00 each. Soon after acquiring the note the Motor Company sold it to the defendant. The plaintiff discharged many of the monthly installments but late in 1934, he became in arrears. Of six installments, aggregating $162.00, then remaining unpaid, two or three installments were past due. In this situation the defendant in November, 1934, instituted against the plaintiff before a justice of the peace of Wyoming County, an action in detinue to recover possession of the automobile under the conditional sales contract executed by the plaintiff and the Motor Company and assigned by the latter to the Commercial Credit Company along with the note. On December 10, 1934, being the return day of the summons in detinue, counsel for the Commercial Credit Company, plaintiff in that action, and E. L. Phillips, defendant therein appearing in his own behalf, met at the office of the justice before whom the action was pending, and en-

tered into an agreement by the terms whereof Phillips was to permit judgment then to be entered against him, not only for the two or three overdue monthly installments but for all unpaid installments, aggregating $162.00, and he was to be permitted to execute a suspension bond for a period of six months. In pursuance of that arrangement, judgment was rendered against Phillips for possession of the automobile and for the amount of money stated if possession of the automobile could not be had, and he executed a stay bond of $400.00 with adequate surety.

Several weeks before the expiration of the six months' suspension period, the Commercial Credit Company dispensed with further services of counsel who had represented it in the detinue action and employed new counsel, who demanded of the justice that he immediately execute a writ of possession for the automobile in pursuance of the judgment which had been rendered in the action of detinue, insistence being made by counsel that there was no authority of law for the taking of a suspension bond in a detinue action, and that therefore the bond which Phillips had executed was of no legal force. The justice replied in effect that the bond had been executed and received in pursuance of an agreement between parties *sui juris,* and that he would not execute a writ of possession until the suspension period had expired. Thereupon the Commercial Credit Company, acting through its newly employed counsel aforesaid, filed in the Supreme Court of Appeals of West Virginia a petition for mandamus to require the justice to issue a writ of possession. This court awarded a rule in mandamus returnable forthwith, and upon the coming in of a return of service of the rule on the justice, he being the sole respondent to the mandamus proceeding, there being no appearance by him in defense, this court awarded a peremptory writ of mandamus requiring the justice to issue a writ of possession for Phillips automobile under the judgment in the detinue action.

In compliance with the mandamus writ the justice, on June 10, 1935, under authority of Code, 50-13-10, Phillips having removed to another county, certified to the clerk of the circuit court of Wyoming County the judgment against Phillips, and the latter official forthwith issued a writ of possession for the automobile, and on the same day the officer in whose hands it had been placed took the automobile into his custody. The Commercial Credit Company then advertised the property for public sale, but before the time for sale Phillips paid the balance of the debt owing by him to the Credit Company, together with all costs, and recovered possession of the car June 24, 1935.

Some months later this action for damages was instituted. Grounds for damages urged by the plaintiff are deprivation of use by him of the automobile from June 10 to June 24, 1935, costs and expenses incurred in regaining possession of the automobile, damage to the same while out of the plaintiff's possession, and embarrassment and humiliation to the plaintiff on account of having his automobile levied on under a writ of possession which would not have been issued but for improper conduct on the part of the defendant.

Incidental of the detinue action, the confession of judgment, at least with respect to the notes not then due, and the giving of the bond were the outgrowth of a contractual arrangement between competent parties, with the approval of the justice of the peace. Each party then became entitled to the benefit of the plan which had been evolved. The creditor obtained judgment for possession of the automobile and, in the alternative, a money judgment in the amount of the unpaid portion of the debt, including installments not due as well as those which had matured. The debtor became entitled to a six months' respite, during which period he was to be free from the vexation of a writ of possession for the automobile or an execution on the judgment. Did he receive the benefit of this contractual interval? The bond was executed December 10, 1934, and the writ of posses-

sion was issued and executed June 10, 1935. Was the latter date within or without the six months' suspension period? Clearly within, because it was the last day of the period. Unless the contrary appears from the context of a statute or contract, wherein reference is made to months, a month is to be deemed a calendar month, and a period of months is to be determined by excluding the initiatory day and calculating to and including the same date of the month wherein the period will expire, provided the latter month has sufficient number of days to include the date mentioned, otherwise the period will end on the last day of the terminal month. Consult: Code, 1931, 2-2-3 and 4; *State* v. *Beasley*, 21 W. Va. 777, 780; *Lamb* v. *Cecil*, 28 W. Va. 653, 658; *Eastern Oil Co.* v. *Coulehan*, 65 W. Va. 531, 64 S. E. 836; *Brand* v. *Swindler*, 68 W. Va. 571, 70 S. E. 362.

The action of the Commercial Credit Company in pressing for a writ of possession and in obtaining the same and causing it to be executed within the suspension period to which its counsel in the detinue action, within the scope of his authority, had agreed, was a violation of the terms of the agreement and the bond, thereby entitling the plaintiff to an action for damages for the wrong suffered by him. The quantum of damages was purely a factual question for jury determination.

One of the bases of the plaintiff's action lies in certain allegations in the Commercial Credit Company's petition for mandamus and the consequences thereof. There is an allegation of the petition, on information and belief, that both Phillips and Perry C. Cook, principal and surety on the suspension bond, were then insolvent. This allegation was relied on by this court as a reason for the issuance of the writ of mandamus. From the proof taken in this action, that allegation seems to have been without basis of fact and therefore wholly unwarranted.

Perceiving no prejudicial error in the case we affirm the judgment.

*Affirmed.*