ANNIE BARNHART

*v.*

STATE COMPENSATION COMMISSIONER *et al.*

(No. 9680)

Submitted September 5, 1945. Decided October 9, 1945.

*W. W. Ingram,* for appellant.
*James M. Duffy* and *James G. Jeter, Jr.,* for appellee.

HAYMOND, JUDGE:

The controlling question arising upon this appeal calls for the proper application of the rule for the computation of time prescribed by Chapter 2, Article 2, Section 3, and involves the provisions of Chapter 23, Article 6, Section 7(d), of the Code of West Virginia, which latter statute creates benefits for the dependent of an employee who dies from silicosis within one year from the date of his last exposure to silicon dioxide dust in harmful quantities. The facts are not disputed and the following occurrences are admitted by all parties to this controversy.

For several years before April 3, 1943, Charles Barnhart was an employee of The Taylor, Smith and Taylor Company, and worked as a kiln placer in its pottery at Chester, Hancock County, West Virginia. On that day he ceased to work for his employer and thereafter he was not exposed to silicon dioxide dust in harmful quantities. He filed an application for compensation with the State Compensation Commissioner on November 29, 1943, but before the hearings on this claim were concluded, he died on Tuesday, April 4, 1944. On April 3, 1944, and before his death, his wife, Annie Barnhart,

filed her application with the Commissioner for compensation as his dependent, claiming the benefits allowed by the statute for the widow of a deceased employee.

The employer appeared and opposed the claim before the State Compensation Commissioner. On July 12, 1944, the Commissioner awarded the claimant, Annie Barnhart, compensation for the death of her husband, at the rate of $30.00 per month, to continue until her death or remarriage or further order of the Commissioner. This order of the Commissioner, upon appeal by the employer to the Workmen's Compensation Appeal Board, was affirmed by the Board on October 7, 1944. To that order of the Board this appeal was allowed by this Court.

Chapter 2, Article 2, Section 3 of the Code prescribes the method of computing the time within which an act occurs, and directs that it shall be determined by excluding the first day and including the last day, and that if the last day be Sunday, it shall be excluded. The terms of the statute excluding Sunday when it is the last day, have no application to the facts of this case, for it is not disputed that Barnhart died at 2:40 o'clock in the afternoon of Tuesday, April 4, 1944. The employer insists that the last day of the year elapsing between the date of Barnhart's last exposure to silicon dioxide dust in harmful quantities and the date of his death was April 3, 1944, and that his death did not occur within the year. The claimant denies this contention and vigorously asserts that the last day of the period between the date of Barnhart's last exposure and the date of his death was not April 3, 1944, but the next day, April 4, 1944, and that, under the above statute, he died within one year from his last exposure to silicon dioxide dust. The statute upon which the claimant relies provides benefits for the dependent, here the widow, of the deceased employee, only in the event the employee dies from silicosis within one year from the date of his last exposure to silicon dioxide dust in the quantities mentioned by the act. Code, 23-6-7 (d). If his death was within the year, his widow,

as his dependent, provided her claim also be filed within the year, is entitled to the compensation allowed by the statute. If, however, he died at any time after the expiration of the year, her claim, having no foundation in law, must fail. *Bowdler v. State Compensation Commissioner*, 124 W. Va. 629, 22 S. E. 2d 359. The creation of benefits for employees in silicosis cases, and the terms and conditions upon which such benefits may be applied for and awarded, are solely within the province of the Legislature, and no departure from its enactment can be recognized or permitted by the courts. Where the legislative intent is clear, this Court must give it full effect. *Pettry v. State Compensation Commissioner*, 111 W. Va. 409, 163 S. E. 16.

Did Barnhart die within the year, or on the day immediately following the expiration of the year? The correct answer depends upon the proper application of the rule prescribed by Chapter 2, Article 2, Section 3 of the Code. The method of computing the time within which an act is to be done has been frequently considered by this Court. *Phillips v. Commercial Credit Company*, 121 W. Va. 234, 3 S. E. 2d 836; *Brand v. Swindler*, 68 W. Va. 571, 70 S. E. 362; *State v. Beasley*, 21 W. Va. 777; *Lamb v. Cecil*, 28 W. Va. 653. In all these cases this Court has followed and enforced the rule stated in the statute. Applying this method of computation of time to the admitted facts of this case, it is clear that the last day of the year within which the death of Barnhart must have occurred to bring the claim of his dependent within the provisions of Code, 23-6-7(d), was April 3, 1944, and not April 4, 1944, as contended by the claimant; and the award of the Commissioner, affirmed by the Appeal Board, is erroneous and must be reversed. After the end of the day of April 3, 1944, no claim for the death benefits here sought to be recovered could exist in law.

There is no merit in the contention of the claimant that the filing of her application on April 3, 1944, brings

the claim within the statute. At that time, the death of the employee, an essential element of the claim, had not occurred. Moreover, the status of the claimant on that day was that of wife, not widow, of the employee, and as his wife she was not then a dependent within the meaning of the statute. True it is that the death of her husband, which was doubtless expected to happen almost immediately, actually did occur in the afternoon of the following day. But this event could not affect her status as wife instead of widow on April 3, 1944, when her husband was still living. She could not, by anticipating a change in relationship which afterwards happened, acquire on April 3, 1944, a status which did not then in fact exist. Approval of such a course can lead only to basic errors and confusion in the law. And, finally, even if the claimant were permitted to change her status from wife to widow on April 3, 1944, the fate which decreed the death of her husband one day after the expiration of the year within which his last exposure to silicon dioxide dust occurred, instead of within that period, deprived her of any legal right to compensation, whatever might be her status.

The importance to the claimant of the decision of the questions raised by this appeal, the apparent hardship resulting to her from the operation of the statute upon which her claim is based, and the desire of each member of this Court to give careful and complete consideration to her every contention, prompted this Court to grant a rehearing and to reexamine the order heretofore entered in which it denied the claim of the applicant. Upon the rehearing, and after mature deliberation, nothing has developed or been made to appear that would justify this Court in departing from its former holding in this case. Accordingly, the views originally held by this Court, upon which its former order was based, and which are now set forth in this opinion, are adhered to and affirmed.

For the foregoing reasons the order of the State Com-

pensation Commissioner, awarding the claimant compensation, and the order of the Workmen's Compensation Appeal Board, affirming the order of the Commissioner, are reversed, and this case is remanded to the Commissioner with directions to deny the application of the claimant.

*Reversed and remanded with directions.*