D. O. MEANS, *dba* MEANS LUMBER COMPANY

*v.*

G. G. KIDD, *et al.*

(CC 781)

Submitted September 5, 1951. Decided December 4, 1951.

*J. W. Maxwell, Kermit A. Locke,* for plaintiff.

*Ned H. Ragland,* for defendants.

HAYMOND, JUDGE:

The plaintiff, D. O. Means doing business as Means Lumber Company, a subcontractor claiming a mechanics lien for materials furnished by him and used by the contractor, E. E. Lambert, in the construction of a dwelling, under a contract between Lambert and the property owner, instituted this suit in equity in the Circuit Court of Raleigh County, on February 23, 1949, against the defendant G. G. Kidd to enforce such lien in the sum of $2,079.66, with interest, against the real estate and the dwelling owned by the defendant. As an exhibit with the original bill of complaint, filed at rules on March 7, 1949, the plaintiff filed a notice of mechanics lien containing an itemized account of the materials furnished, the nature and the price of such materials, and the respective dates, beginning June 30, 1948, and ending September 3, 1948, on which they were furnished. The notice, duly verified, was addressed to the defendant Kidd and served upon him on November 3, 1948. On November 13, 1950, the plaintiff filed in open court an amended bill of complaint against G. G. Kidd and E. E. Lambert, as defendants, and with it filed the same notice of the mechanics lien as an exhibit. The defendant Kidd filed an answer to the original bill of complaint of the plaintiff and, by decree entered November 14, 1949, the cause was remanded to rules for the issuance of process against the plaintiff and two additional defendants, E. E. Lambert and J. W. Lambert Lumber Corporation, upon the answer of the defendant Kidd. The circuit court by decree entered April 5, 1951, sustained the demurrer of the defendant Kidd to the amended bill of complaint on the sole ground that the

notice of the alleged lien, which should have been given on or before November 2, 1948, the date of a general election, and as such, a legal holiday, was not given to the defendant Kidd, the owner of the real estate, until the next succeeding day, November 3, 1948, which was the sixty first day after the last materials were furnished by the plaintiff, and certified its ruling upon the demurrer to this Court.

These questions are presented by the certificate of the circuit court: (1) whether the notice of the mechanics lien, which under Section 11, Article 2, Chapter 38, Code, 1931, must be given to the property owner within sixty days after the last materials were furnished, and which the exhibit filed as a part of the amended bill of complaint shows was not given until November 3, 1948, the sixty first day, the sixtieth day being an election day and, as such, a legal holiday, perfected and preserved the mechanics lien claimed by the plaintiff; and (2) whether the form of the notice sufficiently complies with the requirements of Sections 8 and 11, Article 2, Chapter 38, Code, 1931:

As the trial court sustained the demurrer to the amended bill of complaint on the sole ground that the notice was not given to the property owner within the required period of sixty days after the last materials were furnished, and did not pass upon the question of the sufficiency of the form of the notice, that question, though certified, will not be considered or decided upon this certificate. Numerous cases hold that, under Section 2, Article 5, Chapter 58, Code, 1931, the statute dealing with certification of questions, only such questions as have been decided by the trial court and by it certified here may be considered, upon certificate, by this Court. *Weatherford* v. *Arter,* 135 W. Va. 391, 63 S. E. 2d 572; *Weese* v. *Weese,* 134 W. Va. 233, 58 S. E. 2d 801; *Cook* v. *Collins,* 131 W. Va. 475, 48 S. E. 2d 161; *Posten* v. *Baltimore and Ohio Railroad Company,* 93 W. Va. 612, 117 S. E. 491; *County Court of Raleigh County* v. *Cottle,* 82 W. Va. 743, 97 S. E. 292; *City of Wheeling* v. *Chesapeake and Potomac*

*Telephone Company of West Virginia,* 81 W. Va. 438, 94 S. E. 511.

The plaintiff contends that the mechanics lien notice, which by Section 11, Article 2, Chapter 38, Code, 1931, must be given to the property owner by a materialman, within sixty days after he has ceased to furnish materials and supplies, in order to preserve and perfect the lien given him by the applicable sections of Article 2 of that chapter, is an official notice, authorized and required by the statute and, as such, is within and is governed by Section 1, Article 2, Chapter 2, Code, 1931. That section provides that certain designated days, including any national, state or other election day, shall be regarded, treated and observed as legal holidays, that when any of such days falls on Sunday, the succeeding Monday may be legally observed as such holiday, and that when the return day of any summons or other court proceedings or any notice or time fixed for holding any court or doing any official act shall fall on any such holiday, the ensuing secular day shall be taken as meant and intended. Any of the designated holidays may fall on a Sunday except, of course, an election holiday, Labor Day and Thanksgiving Day, which always occur on a secular day.

In opposition to the contention of the plaintiff, the defendant Kidd insists that Section 3, Article 2, Chapter 2, Code, 1931, prescribing the method of computing the time within which an act is to be done which provides that such time "shall be computed by excluding the first day and including the last; or if the last be Sunday, it shall also be excluded;" applies to a mechanics lien notice, that the last day of the sixty day period within which it must be given to the property owner, under Section 11, Article 2, Chapter 38, Code, 1931, may be excluded only when it falls on Sunday, that when the last day of the period is a legal holiday that day may not be excluded, and that if such notice is not given to the property owner until it is served upon him on the sixty first day when the sixtieth day is the day fixed by law for the holding of a general election and is, by statute, a legal holiday, it is

void and of no effect because not given within the required period of sixty days.

The position of the plaintiff is not tenable. The statute upon which he relies, Section 1, Article 2, Chapter 2, Code, 1931, by its express terms, deals with and applies only to a summons, a court proceeding or a notice fixing a designated time to hold court or to do an official act, and provides that when the time so fixed for holding court or doing such act falls on a legal holiday, the time specified in the summons or the notice shall be meant and intended for the ensuing secular day instead of the holiday designated in the summons or the notice. A summons, to have any practical value or effect, must designate a specific time and place for the appearance of the person whose attendance is required. This is also true with respect to any notice of a definite time at which any specified official act is to be done or performed. The foregoing statute, relating to a summons or a notice of the type just indicated, however, clearly does not apply to the giving of a mechanics lien notice required by Section 11, Article 2, Chapter 38, Code, 1931, which that statute expressly declares must be given within sixty days after a materialman has ceased to furnish materials in order to perfect and preserve his lien upon the real estate of the owner. Though the notice is required by statute to be given, and in that sense may be a statutory notice, it is in no sense a notice of any official act to be done at any fixed time, and is essentially different in character and effect from the notice mentioned in Section 1, Article 2, Chapter 2, Code, 1931, which must state a definite day on which an official act is to be done. The positive distinction between a notice fixing the time of the performance of an official act and a notice of a mechanics lien is clear beyond question. If a person desires to take the deposition of a witness the notice of his intention to do so must fix a definite day on which it is to be taken. If the day fixed is a legal holiday, by virtue of the statute, the notice will relate to and fix the next succeeding secular day, instead of the holiday, as the day intended. The

mechanics lien notice is not intended to fix any time at which the person claiming the lien will do anything to complete or perfect it. The purpose of the notice is to inform the owner that the person giving the notice claims a mechanics lien on the owner's property. It is not, and can not be, returnable at any fixed time. It need not be given at any particular time and the only essential requirement as to the time when it must be given is that it must be given within the prescribed period of sixty days after the last materials are furnished.

As it is plainly evident that the notice required by Section 11, Article 2, Chapter 38, Code, 1931, is not the type of notice dealt with by Section 1, Article 2, Chapter 2, Code, 1931, it is necessary to determine whether the notice exhibited with the amended bill of complaint, which clearly shows that the plaintiff ceased to furnish the materials used in the construction of the dwelling owned by the defendant Kidd, under his subcontract with the contractor, on September 3, 1948, and that it was not given to the owner until it was served upon him on November 3, 1948, the next succeeding day after the general election on November 2, 1948, was given within the sixty day period prescribed by the statute.

As already pointed out, Section 3, Article 2, Chapter 2, Code, 1931, prescribing the method by which the time within which an act required to be done shall be computed provides that this shall be done by "excluding the first day and including the last; or if the last be Sunday, it shall also be excluded". This provision directly applies to the statutory requirement that the mechanics lien notice must be given by a materialman to the owner within sixty days after he has ceased to furnish the materials for which he claims such lien. It does not permit the exclusion of the last day except when the last day falls on Sunday. It makes no provision for excluding a legal holiday as such when the last day falls on such holiday and, as the statute expressly excludes Sunday when it is the last day but does not exclude a secular legal holiday when it is the last day, it is clear that the Legislature,

in enacting the statute, intended that, unlike Sunday, a secular legal holiday should not be excluded from the computation but should be included in it when the last day of the period to be computed is a secular legal holiday. Of course, if the last day of the period is a legal holiday and is also a Sunday, that day should be excluded, because it is a Sunday but not because it is a legal holiday. This Court has considered the method of computing the time within which an act is to be done in several cases, *Barnhart* v. *State Compensation Commissioner*, 128 W. Va. 29, 35 S. E. 2d 686; *Phillips* v. *Commercial Credit Company*, 121 W. Va. 234, 2 S. E. 2d 836; *Kasmas* v. *Bini*, 111 W. Va. 687, 163 S. E. 442; *Brand* v. *Swindler*, 68 W. Va. 571, 70 S. E. 362; *Lamb* v. *Cecil*, 28 W. Va. 653; *State* v. *Beasley*, 21 W. Va. 777; and in all those cases it has followed and enforced the rule prescribed by the statute. In applying the rule in *Barnhart* v. *State Compensation Commissioner*, 128 W. Va. 29, 35 S. E. 2d 686, this Court held in point one of the syllabus that "Under Code, 2-2-3, except when the last day falls on Sunday, the time within which an act is to be done must be computed by excluding the first day and including the last day of the period."

The legal status of Sunday is different from that of a legal holiday. At common law Sunday was a nonjudicial day, and no judicial act or proceeding could be had on that day. *State ex rel. Staley* v. *Hereford*, 131 W.Va. 84, 45 S.E. 2d 738; 60 C. J. 1135. No civil process or order can be executed on Sunday except in certain designated instances. Section 16, Article 3, Chapter 56, Code, 1931. A legal holiday is not a nonjudicial day. Process may be issued and served on a legal holiday; and legal proceedings had on a legal holiday are not void or erroneous for that reason. *Logan* v. *Ballard*, 61 W. Va. 526, 57 S. E. 143.

Application of the rule prescribed by Section 3, Article 2, Chapter 2, Code, 1931, as recognized and enforced by this Court in the cited cases, impels the conclusion that the failure of the plaintiff to give the notice required by Section 11, Article 2, Chapter 38, Code, 1931, on or before November 2, 1948, the last day of the sixty day period

within which it should have been given and which day, though a legal holiday, must be included in that period of time, rendered the notice void and of no force or effect, and that, because of such failure, the mechanics lien claimed by him upon the dwelling and the land of the defendant Kidd, upon which the dwelling has been constructed, was not perfected or preserved. By reason of the failure of the plaintiff to give the notice within the required sixty day period and by virtue of Section 14, Article 2, Chapter 38, Code, 1931, which in part provides that the failure of any person claiming a lien under Article 2 of that chapter to give the notice required by Section 11 of that article within the time specified in that section shall operate as a complete discharge of the owner and his property from such lien, the lien of the plaintiff upon the real estate of the defendant Kidd, for the materials furnished by the plaintiff, was completely discharged and extinguished.

The ruling of the circuit court in sustaining the demurrer to the amended bill of complaint, being correct, is affirmed.

*Ruling affirmed.*