IN RE: THE ESTATE OF AMANDA NICHOLAS, *Deceased.*

(No. 10761)

Submitted September 12, 1956. Decided October 2, 1956.

*A. G. Mathews,* for plaintiff in error.

*McCluer, Davis & McDougle, C. Edward McDonough,* for defendant in error.

RILEY, JUDGE:

E. R. Staats, Administrator of the Estate of Amanda

Nicholas, deceased, prosecutes this writ of error to an order of the Circuit Court of Wood County, entered on December 27, 1954, dismissing such administrator's appeal from an order of the County Court of Wood County, entered on January 4, 1954, on the ground, as recited in the order of the circuit court of December 27, 1954, "that the appeal was not perfected as required by law."

This proceeding involves the action of the County Court of Wood County in confirming the report of the Honorable William E. Adams, Commissioner of Accounts for Wood County, dated December 5, 1953, which report, *inter alia,* found that the husband of the decedent, Amanda Nicholas, was entitled to recover the sum of Seven Hundred Forty-five Dollars and Eighty-nine Cents ($745.89) from the estate of his deceased wife, for the reasonable expenses of decedent's funeral and burial, which C. P. Nicholas, the decedent's husband, had voluntarily paid from his own funds.

The preliminary report of the commissioner of accounts, dated December 5, 1953, lists among the common claims against the estate the claim of "C. P. Nicholas Reimbursement for funds advanced $745.89". Immediately following the list of the common claims, including the claim of C. P. Nicholas, the commissioner of accounts made the following note:

> "NOTE: The claim of C. P. Nicholas was filed March 31, 1952, and exceptions were taken to the allowance of said claim by certain heirs of this estate, and after due consideration by your Commissioner, said claim was allowed. A Report of the proceedings before your Commissioner with respect to this claim is herewith filed with the Clerk of the County Court of Wood County, West Virginia."

To the claim of C. P. Nicholas for reimbursement for his wife's funeral and burial expenses in the amount of $745.89, Gordia E. Pyles and F. M. Pyles, decedent's sons by a former marriage, and Thelma Pyles Thorn, decedent's daughter by a former marriage, filed affidavits,

which were in the nature of counter-affidavits, to the affidavit in support of the claim of decedent's husband, C. P. Nicholas.

The final report of the commissioner of accounts, dealing specifically with the claim of C. P. Nicholas, dated December 5, 1953, contains the following notation as to a purported agreement, evidently entered into by counsel for the parties interested in the allowance or disallowance of C. P. Nicholas' claim:

"* * * and at which time a hearing was had, and it was agreed by the parties hereto that the matters involved with respect to this claim were purely a question of law and that the Commissioner should make a finding thereof and each side was given time to file memoranda in support of their position to assist the Commissioner."

The finding of the commissioner of accounts is in the words following:

"Your Commissioner finds that C. P. Nicholas is entitled to recover the sum of Seven Hundred Forty-Five and 89/100 ($745.89) Dollars from the Estate of Amanda Nicholas, and, therefore, so finds in favor of C. P. Nicholas."

In the final report of the commissioner of accounts, dated December 5, 1953, which deals specifically with the claim of C. P. Nicholas, the commissioner of accounts held that "* * * although said claim was filed after the normal period for filing such claims had expired, that it is the law that the estate of a decedent is liable for the reasonable expenses of her funeral and burial and that certainly it is applicable where by the express terms of her Will it provided, that funeral and burial expenses shall be paid out of her estate", and further the commissioner of accounts found that the funds in the administrator's hand had not been disbursed by him, and "that a failure to file such a claim as this [that is, the claim of decedent's husband] within the prescribed time shall not be a defense available to the legatees or devisees of the estate and it is, therefore, felt that such a defense would

not be available to the legatees and devisees in the instant case, and, therefore, this claim should be allowed."

This record discloses that at a regular session of the County Court of Wood County, the court, on January 4, 1954, confirmed by an order the reports of the various commissioners of account in the following language: "All of which were confirmed and ordered to be recorded, including one by Commissioner William E. Adams, on the estate of Amanda Nicholas in which exceptions had been filed. And exceptions not being well founded, it is ordered that the Report of the Commissioner be confirmed, approved and recorded."

This record further discloses that at a continued session of the same term of the county court, held on January 12, 1954, an order was entered showing that claimant, Edgar R. Staats, administrator of the estate of Amanda Nicholas, deceased, moved the court to set aside the order confirming the report of the commissioner of accounts of January 4, 1954, and that the county court overruled such motion, and specifically confirmed its action on January 4, 1954, which order recites "to which the said Edgar R. Staats excepts."

This Court has held in the case of *Miller* v. *Miller*, 117 W. Va. 138, 184 S. E. 246, Judge Kenna writing the opinion, that: "If the record had been fully made up and certified by the county court, there would be no necessity for bills of exception in the circuit court."

The pertinent statutes governing the procedural difficulties presented by this record, which involve the question whether the administrator has protected the estate in the proceedings before the commissioner of accounts and in the county court, are Code, 44-2-18, and Code, 44-2-19. The former statute reads:

> "After preparing his report of claims the commissioner shall give notice thereof, either verbally or in writing, delivered personally or by mail, to all parties interested or their attorneys, and hold the report and the evidence taken in

connection therewith in his office for ten days for the examination of parties interested. Any party may inspect such report and evidence and file exceptions thereto before said commissioner; and the commissioner, in all cases, shall return with his report all the evidence taken in connection with any claim listed in such report, and the exceptions, if any, taken to the report, and shall submit such remarks upon the exceptions as he may deem pertinent. After the expiration of such ten days the commissioner shall return the report, evidence, exceptions and remarks to the county court, and until the report is acted upon by the court it shall be subject to further exceptions by the same or other parties interested."

The latter statute reads:

"The hearing on the report of claims returned by a commissioner shall be had at the first term of the county court occurring not earlier than ten days after its return. If there be no exceptions to such report it shall be confirmed, but if excepted to the court shall pass upon the exceptions and make its order thereon, without hearing or receiving any new evidence; but if good cause be shown for the introduction of further proof regarding any matter contained in such report, the report shall be referred back to commissioner for the taking of further proof and the making of a supplemental report. An appeal from the decision of such county court on such report and exceptions and on the supplemental report and exceptions, if there be such supplemental report, may, without any formal bill of exceptions, be taken to the circuit court of the county. The appeal shall be tried and heard in the circuit court, or before the judge thereof in vacation, on the record made before the commissioner and the county court. After the report of the commissioner on the claims against the estate of any decedent has been confirmed by the county court, or the circuit court on appeal, or corrected and confirmed after appeal, the same shall be forever binding and final."

We are of the opinion that in view of a personal representative's duty to protect the estate against unwarrant-

ed claims, which duty does not dispense with the requirements of exceptions or objections to the allowance or disallowance of a claim, the exceptions filed before the commissioner by certain of the children of the decedent by a former marriage and the exception of the administrator to the action of the county court on January 12, 1954, entered at the same term of the county court at which the order of the commissioner of accounts of January 4, 1954, was entered, were sufficient to satisfy the provisions of the statutes governing the settlement of estates in this jurisdiction. In so holding, we are mindful that in many cases involving the settlement of estates, the personal representatives are not learned in the law, and, therefore, the protection of estates against unwarranted claims is one of the paramount purposes of the statutes contained in the statutory law of this State, governing the settlement of estates.

In this case it is argued that the will of the decedent provides, *inter alia,* that the decedent's estate shall be liable for her funeral and burial expenses. That will is not contained in this record, but whether it is or not the overall question involved in this proceeding is whether the estate of a married woman is liable for funeral expenses, and if the husband, if he has paid them, is entitled to reimbursement from the estate.

This Court has not passed upon the question. An examination, however, of the well-reasoned case of the Virginia Supreme Court of Appeals in *Hall* v. *Stewart,* 135 Va. 384, 116 S. E. 469, and the American Law Reports annotation to the Virginia case shows that the majority rule is that the deceased wife's separate estate is not liable therefor, and, of course, this holding is based upon the common law or on the view that the legal statutes, especially the married woman's statute, do not abrogate that common law rule. This annotation, however, shows that the minority view, which seems to be the more modern view, is contrariwise to the majority rule.

But this Court having now decided that the estate has been fully protected by the exceptions had before the commissioner of accounts and before the county court, and the Circuit Court of Wood County not having passed upon the question whether the surviving husband's claim was valid and allowable, but having dismissed the administrator's petition from the county court to the circuit court, the only question before this Court is whether the appeal from the County Court to the Circuit Court of Wood County was timely perfected. In this regard this Court notes that the final order of the Circuit Court of Wood County, to which this writ of error is being prosecuted, simply dismissed the administrator's "appeal" to the Circuit Court of Wood County from the county court on the ground that it "was not perfected as required by law."

On page twenty-three of the printed record it appears that on January 4, 1954, the County Court of Wood County at a regular and continued session, held by such county court, entered an order confirming *inter alia* the reports and settlements made by various commissioners of account of the county court, including the report of commissioner of accounts William E. Adams, which order sets forth: "* * * in which exceptions had been filed. And exceptions not being well founded, it is ordered that the Report of the Commissioner be confirmed, approved and recorded." Thereafter, on May 4, 1954, just one day before the expiration of the four-months statutory period provided by Code, 58-3-4, the plaintiff in error here, Edgar R. Staats, administrator of the estate of Amanda Nicholas, deceased, filed in the circuit court his petition for an appeal from the order of the County Court of Wood County, confirming the report of the commissioner of accounts of December 5, 1953. Under the provisions of the statute the petition of Edgar R. Staats, administrator of the estate of Amanda Nicholas, deceased, was timely filed in the Circuit Court of Wood County. See Code, 2-2-3, computation of time. See also *Means* v. *Kidd,* 136 W. Va. 514, 67 S. E. 2d 740.

However, because the circuit court, without deciding the question of substantive law whether the estate of a deceased wife is liable for her funeral and burial expense, a question not settled in this jurisdiction, unless a surviving husband is liable for the burial expenses of his deceased wife which he has voluntarily paid, dismissed the "appeal", the case is now before this Court on this important question without the issue having been decided by the Circuit Court of Wood County.

This Court has uniformly held that it will not consider questions, nonjurisdictional in their nature, not acted upon by the circuit court. See in particular *Nuzum* v. *Nuzum*, 77 W. Va. 202, pt. 1 syl., op. 206, 87 S. E. 463; *Highland* v. *Davis*, 119 W. Va. 501, pt. 4 syl., op. 516, 195 S. E. 604; *Weatherford* v. *Arter, Sr.*, 135 W. Va. 391, 394, 63 S. E. 2d 572; *Pope, An Infant, Etc.* v. *Edward M. Rude Carrier Corp., Et al.*, 138 W. Va. 218, 224, 75 S. E. 2d 584; *Means* v. *Kidd, supra.* In *Cook* v. *Collins*, 131 W. Va. 475, 479, 48 S. E. 2d 161, this Court, discussing generally its appellate jurisdiction, said: "This Court, having no original jurisdiction of this cause and acting only as an appellate court, will not consider nonjurisdictional questions not acted upon by the trial court." In this regard note that in West Virginia Constitution, Article VIII, Section 3, it is provided in no uncertain terms that: "It [the Supreme Court of Appeals of West Virginia] shall have original jurisdiction in cases of habeas corpus, mandamus, and prohibition."

So, in view of the fact that the Circuit Court of Wood County has not passed upon the question of substantive law on the basis of which this writ of error is being prosecuted, we simply hold that the order of the Circuit Court of Wood County, dismissing the plaintiff in error's timely "appeal" from the County Court of Wood County, was erroneous; and this case should be remanded to the Circuit Court of Wood County with directions that the petition of Edgar R. Staats, administrator of the estate of Amanda Nicholas, deceased, be reinstated by that court,

and the matters arising thereon adjudicated or determined by that court, and not until that is done will a writ of error lie to this Court under the provisions of the West Virginia Constitution and the holding of this Court in the last-cited cases.

We therefore reverse the final order of the Circuit Court of Wood County, entered on December 27, 1955, and remand this proceeding to the Circuit Court of Wood County for such proceedings as may be consonant with the principles herein set forth and as to counsel for the interested parties may seem meet and proper.

*Reversed and remanded with directions.*