IN RE: THE ESTATE OF AMANDA NICHOLAS, DECEASED

(No. 10984)

Submitted January 27, 1959.  Decided February 24, 1959.

*Jack L. Miller,* for plaintiff in error.

*McCluer, Davis, McDougle, Stealey & Morris, C. Edward McDonough,* for defendant in error.

CALHOUN, JUDGE:

E. R. Staats, Administrator of the Estate of Amanda Nicholas, deceased, prosecutes this writ of error to an order of the Circuit Court of Wood County entered therein on September 4, 1957, affirming an order of the County Court of Wood County entered on January 4, 1954.

The basic question involved is whether C. P. Nicholas is entitled to assert and have allowed against the estate of his deceased wife, Amanda Nicholas, a claim of $720, representing her funeral expenses paid by him.

On December 27, 1954, upon motion of C. P. Nicholas the circuit court dismissed the appeal from the county court on the ground "that the appeal was not perfected as required by law." Previously, on March 8, 1954, the circuit court had sustained a similar motion and had dismissed the appeal from the county court "for want of jurisdiction". On October 2, 1956, this Court reversed the order of the circuit court which, on the second occasion, dismissed the appeal from the county court and held that the appeal to the circuit court was perfected according to law. The circuit court not having considered the basic question of the propriety of the claim of C. P. Nicholas, the case was remanded by this Court for further proceedings in relation thereto. *In re: Estate of Amanda Nicholas, deceased,* 142 W. Va. 80, 94 S. E. 2d 452.

After the case was remanded by this Court to the circuit court, C. P. Nicholas, the claimant, again moved

the circuit court to dismiss the appeal from the county court on the ground that the record certified from the county court was not complete. Apparently this precise proposition had not been urged specifically in support of either of the two former motions to dismiss. This third motion to dismiss was overruled by the circuit court for the reason, as stated in the written opinion of the eminent trial judge, which is made a part of the record, that "The Supreme Court of Appeals has decided that a sufficient record was certified by the Clerk of the County Court to the circuit court." By the same order in which this motion to dismiss was overruled, the trial court affirmed the action of the county court in allowing the claim as a proper one against the estate of Amanda Nicholas, deceased. The administrator now prosecutes this appeal from the action of the court in allowing the claim. While this is the basic question presented by the record, there is also involved the incidental question of whether or not the trial court properly overruled this third motion to dismiss.

The circuit court was clearly right in overruling the renewed motion to dismiss the appeal from the county court. The report of the commissioner of accounts to the county court states that a time was fixed by him "for introducing evidence with respect to said claim and it was agreed by the parties hereto that the matters involved with respect to this claim were purely a question of law." The certificate of the clerk of the county court appended to the record states that the record certified includes "all of the orders and papers filed and all the proceedings had in the above matter in the County Court of Wood County upon the hearing thereof." From the entire record, as well as from briefs of counsel, it appears that there is no dispute concerning the essential facts and that the basic question in relation to the claim is purely one of law. It is clear also that the clerk of the county court certified in unmistakable terms that the record transmitted to the circuit court was the complete record involved in the proceedings before the county court. In any event, when the second of the series of three motions to

dismiss was previously before this Court, it was held that the appeal to the circuit court was perfected according to law. The motion now pending is the identical motion which was before this Court in the earlier stage of the proceedings, involving the same parties, the same record, and the identical issue in every respect. "* * * A defendant has no right of election to interpose his matters of defense singly and take separate successive trials and adjudications thereon. By allowing a cause to be decided without having set up a defense, or any one or more of his defenses, he is deemed to have waived all matters so withheld. * * *" *Barbour, Stedman & Herod* v. *Tompkins,* 58 W. Va. 572, 52 S. E. 707, 3 L.R.A. (N.S.) 715. To the same effect see: *Snodgrass* v. *Snodgrass,* 118 W. Va. 150, 189 S. E. 137; *Pridemore* v. *Lucas,* 131 W. Va. 1, 47 S. E. 2d 839; *Alderson* v. *Horse Creek Coal Land Co.,* 81 W. Va. 411, 94 S. E. 716; *Hudson* v. *Iguano Land & Mining Co.,* 71 W. Va. 402, 76 S. E. 797; *Bodkin* v. *Rolyson,* 48 W. Va. 453, 37 S. E. 617; *Sayre's Admr.* v. *Harpold,* 33 W. Va. 553, 11 S. E. 16; and 8 M. J., Former Adjudications or Res Adjudicata, Section 49.

For approximately five years this litigation involving a comparatively small claim and an estate of comparatively meager assets has endured without having heretofore reached the point of final determination. As was stated in *Royall* v. *Peters,* 180 Va. 178, 21 S. E. 2d 782, page 787:

> "There must at some time be an end to controversies. Courts are for the purpose of furnishing a speedy end to litigation and not as a forum for endless contentions. Carelessness or afterthought on the part of litigants ought not to be allowed to affect the conclusiveness of a proceeding which has been determined after ample opportunity for a hearing of every question which might have been litigated."

Counsel for C. P. Nicholas, the claimant, cites Code, 44-8-3, Code, 42-2-1, and Code, 44-2-21 in support of his contention that the estate of a deceased wife is, by statute, made liable for payment of reasonable funeral ex-

penses incident to her death. These statutes deal with the order in which the several debts of the estate of a deceased person shall be paid, specifically mentioning funeral expenses. Whether these statutes render the funeral expenses in question a proper charge against the estate of the deceased wife is not necessary to a decision of the case, because it is our opinion that the liability of the surviving husband is primarily; and even if the estate of the deceased wife is liable, such liabilty, as between the estate and the surviving husband, is secondary.

The duty of the husband to support his wife is basic in the law of this State. It existed at common law. *Hinton Department Co.* v. *Lilly,* 105 W. Va. 126, 141 S. E. 629. Payment of reasonable funeral expenses of a deceased wife was a part of the husband's common law duty to provide her with reasonable necessaries. *Hall* v. *Stewart,* 135 Va. 384, 116 S. E. 469, 31 A.L.R. 1499. The common law continues in force in this State except to the extent that it has been altered by statute. Constitution, Article VIII, Section 21; Code, 2-1-1. The following is the language of Article VI, Section 49 of the Constitution of this State: "The legislature shall pass such laws as may be necessary to protect the property of married women from the debts, liabilities and control of their husbands."

The Married Women Statutes of this State are found in Code, Chapter 48, Article 3. Section 1 provides that property of the wife "* * * shall in no way be subject to the control or disposal of her husband, nor liable for his debts." Section 2 also provides that her property "* * * shall not be * * * liable for his debts * * *." Section 16 provides that the earnings of the wife and property purchased therewith "* * * shall not be subject to the control or disposal of her husband, nor liable for his debts." Section 22 provides that both husband and wife shall be liable for certain goods and services therein enumerated, but it is clearly stated that the liability of the husband is primary and that of the wife is secondary. Finally Section 24 states: "Nothing in this article contained shall be construed to relieve the husband of his liability

to support his wife and family * * *." These statutes are referred to in some detail in order to demonstrate the obvious legislative concern for the preservation of the common law duty of the husband to provide for his wife. Their purpose is to extend, rather than to deny or abridge, rights enjoyed by a wife at common law.

The precise question here involved may be one of first impression in this State. In the case of *New Martinsville Bank* v. *Burlingame,* 116 W. Va. 122, 178 S. E. 690, it was held that the estate of a deceased husband was liable for the funeral expenses of a deceased wife, though it appeared that the estate of the wife in that case was without assets. Authority from other jurisdictions, however, is not lacking.

In 27 Am. Jur., Husband and Wife, Section 457, page 56, it is stated:

> "Ordinarily, neither the Married Women's Property Acts nor statutes making funeral expenses of a deceased a charge or a preferred charge on his estate specifically cover the question of liability of the husband for the funeral expenses and burial of the wife. Under such statutes it is agreed that the husband still is under duty to bury his wife, but a conflict exists as to whether he or her estate is primarily liable for her funeral expenses. The majority view is that the husband still is primarily liable for the funeral expenses of his wife. Such liability of the husband is not affected by the Married Women's Property Acts in so far as they provide for the separate estates of married women and free them from their common-law disabilities. Indeed, such acts, in so far as they provide that the separate estate of the married woman shall not be liable for the debts of her husband, are, if anything, a statutory reinforcement of the common-law liability of the husband for the funeral expenses of the wife. Furthermore, the view has been taken that a statute making funeral expenses a charge or a preferred charge on the estate of a decedent

does not relieve the husband from his primary liability for the funeral expenses of the wife."

For authorities substantially to the same effect reference is made to 31 A.L.R. 1500; 108 A.L.R. 1226; 41 C.J.S., Husband and Wife, Section 15, pages 407-8, and Section 61, pages 527-29.

In the case of *Reynolds* v. *Rice,* 224 Mo. App. 972, 27 S. W. 2d 1059, the Court gave emphasis to the primary liability of the husband in the following language: "It may be conceded that the estate of a deceased wife is liable to a third party for funeral expenses, but this fact does not aid the argument in favor of the liability of her estate to her husband for such expense * * *. He cannot demand and receive reimbursement from the estate of his wife for the performance of his own legal and moral obligation to her."

To refer in detail to the numerous decisions from the various jurisdictions would unnecessarily lengthen this opinion. Some of the decisions differ according to differences in statutes of the several jurisdictions. This Court holds that the common law primary duty of C. P. Nicholas to pay the funeral expenses incident to the death of his wife, Amanda Nicholas, has not been altered by statute and that the circuit court erred in allowing his claim for reimbursement from her estate for such funeral expenses paid by him.

The judgment of the Circuit Court of Wood County complained of is affirmed insofar as it overrules the motion to dismiss the appeal from the county court, but it is reversed insofar as it allows the claim of C. P. Nicholas to reimburse him from the estate of his deceased wife for funeral expenses paid by him; and the case is remanded to that court.

*Affirmed in part; reversed in part; remanded.*