# CHARLESTON.

FRANKLIN & IHRIG *v.* VANDERVORT.

Submitted June 25, 1901.   Decided December 7, 1901.

1. SPECIAL JUDGE—*His Election.*

Where it is shown by the record that on the day fixed by law for the commencement of a regular term of the criminal court of a county the regular judge thereof being sick and failing to attend and hold said court, at the commencement of said term, the clerk of said court proceeded to hold an election for a special judge of said court as provided by chapter 11°, section 11, Code of West Virginia and several attorneys, named, being placed in nomination and the clerk of said criminal court having held said election declares as the result thereof that J. W. V. received a majority of the votes cast by the attorneys present and practicing in said court, and was duly elected judge of said criminal court, during the temporary absence of J., the regular judge, thereupon said J. W. V. appeared and took the several oaths prescribed by law.  *Held,* the law has been substantially complied with and the election is valid.  (p. 414).

2. TERM OF COURT—*Jurisdiction—Trial.*

Such term of court commenced on the 28th day of January, 1901; the grand jury returned an indictment for a misdemeanor against F. & I., which was tried at same term and a verdict of guilty rendered; on February 9th defendants moved to set aside the verdict and grant a new trial; before the motion was passed upon by the court, on the 14th day of February, the regular

judge died°and on the same day the sitting special judge was duly appointed and qualified to fill the vacancy, and proceeded with the business of the term unbroken, and on the following day the court overruled the motion to set aside the verdict and grant a new trial. *Held*, the court had jurisdiction and prohibition will not lie to inhibit it from entering judgment on said verdict. (p. 416).

3. DEATH OF REGULAR JUDGE—*His Successor.*

The death of the regular judge did not end the regular term of the court then in session, the death of the judge and the qualification of his successor happening on the same day, the court proceeded without intermission—the same term. (p. 417).

Application of Franklin and Ihrig for writ of prohibition against J. W. Vandervort, special judge.

*Writ Denied.*

CALDWELL & WATSON, for petitioners,

J. W. VANDERVORT, in *pro. per.*

MCWHORTER, JUDGE:

The regular term of the criminal court of Wood County was to begin on the 28th day of January, 1901, the regular judge thereof, Honorable J. M. Jackson, being sick and unable to attend, J. W. Vandervort was, by the attorneys present and practicing in said court, elected special judge and at once qualified as such judge to serve during the temporary absence of said Jackson. A grand jury was impaneled and among others returned on the 30th day of January, 1901, an indictment against W. G. Franklin and F. E. Ihrig for misdemeanor. Said defendants were tried jointly upon said indictment during the same term and a verdict of guilty returned by the trial jury against them. On the 9th day of February, 1901, defendants moved the court to set aside the verdict and grant them a new trial. While their said motion was pending the said special judge still, presiding and before it had been passed upon, on the 14th day of February, 1901, the regular judge, Jackson, died and on the same day the said J. W. Vandervort was duly appointed by the Governor of West Virginia judge of said court to fill the vacancy thus occasioned and immediately qualified and continued to hold the said term of court as such regular judge on and after the said 14th day of February. On the 15th day of February the motion to set aside said verdict and grant a new trial was

overruled by said court. The defendants applied to this Court for a prohibition to the entering of judgment upon said verdict by said Vandervort alleging that he was not regularly elected as such special judge and that his acts, proceedings and each of them, while so acting as such special judge, were unconstitutional, null and void; and that said Vandervort, judge of said criminal court, was wholly without authority to enter up a judgment upon said verdict.

It is contended by petitioners that the election of special judge did not comply with the statute in that the record does not show how many votes were cast for special judge or how many votes were cast for Vandervort who was declared elected as special judge. Section 11a, chapter 112, Code, provides, "That when for any cause the judge of a criminal court or intermediate court shall fail to attend and hold the same either at the commencement of the term, whether regular, adjourned or special, or at any time before the adjournment or if he be in attendance and cannot properly preside at the trial of any cause therein, the attorneys present and practicing in said court may elect a judge by ballot, to hold said court during the absence of the judge or for the trial of the cause in which the judge of said court cannot preside. The clerk of the court shall hold said election, declare the result thereof, and enter the same of record." The statute does not provide the particular manner in which the clerk shall ascertain and declare the result, but it follows that it must be by counting the ballots and ascertaining the candidates for which each ballot was cast. While the ballots are secret in so far as any voter may be disposed to make it so that no one present may know for whom he votes, the ballots are cast and counted in the presence of all those interested. The record shows that the names of four attorneys "being placed in nomination and the clerk of said criminal court, having held said election declare as the result thereof that J. W. Vandervort received a majority of the votes cast by the attorneys present and practicing in said court, and was duly elected judge of said criminal court, during the temporary absence of J. M. Jackson, the regular judge." And the order further states "thereupon said J. W. Vondervort appeared and took the several oaths prescribed by law." No question was raised or exception taken at the time as to the manner of conducting the election

by the clerk or as to the sufficiency of the record in declaring the result of the election.

It is claimed in the brief of the plaintiffs that according to the certificates of the clerk of the criminal court of Wood County filed with defendant's answer the election was not held under section 11*a* for the election of judges of the criminal courts but was held under section 11 chapter 112, which section relates to the election of special judges in the circuit court. The election was conducted according to the record in all respects as provided in section 11*a* which is the only section under which the clerk of the criminal court had a right to hold an election under the circumstances in this case. The plaintiffs present with their petition the order of the court as entered on the first day of the term electing the said special judge, but the defendant on filing his answer files with it as an exhibit the said order as corrected at a subsequent day during the same term, which it had a right to do, "The whole term is considered as but one day, so that the court has power to revise its own judgments and decrees at any time during the term at which they are rendered. But it may not re-examine its final judgments or decrees at a term subsequent to that at which they were rendered. It may, however, at such subsequent term, order the correction of clerical errors so as to make the record conform to the truth." 25 Am. and E. E. L. 950; *Frink* v. *Frink* 42 N. H. 508, 82 Am. Dec. 172; and in *Lewis* v. *Ross,* 37 Me. 230, 59 Am. Dec. 49, it is held: "A court of record may correct mistakes in its records, which do not arise from the judicial action of the court, but from the mistakes of its recording officer; and this it may do, either on suggestion or motion of those interested, or upon its own certain knowledge and mere motion." The court was held by the defendant Vandervort from the date of his election up to the date of the death of Judge Jackson and on the day of the death of Jackson, the defendant was regularly appointed by the Governor to fill the vacancy occasioned by the said death and on that day qualified as such judge and continued to hold the court in unbroken session until in March when it was adjourned without day.

In support of their application for writ plaintiffs cite *Brown* v. *Walls,* special judge, 113 Mo. 42, where it is held that the writ of prohibition would lie to prevent a judge from granting a new trial after the expiration of the term at which final judg-

ment was rendered, properly holding that "since such act is not merely erroneous but is void for want of jurisdiction." In that case final judgment had been rendered upon the verdict of the jury and the defendant sentenced to the penitentiary and the term of court adjourned. Plaintiffs also cite *State* v. *Lewis* (N. C.) 11 L. R. A. 105. I can hardly understand why this case is cited by plaintiffs as the case is against them, they only refer to a dissenting opinion filed in the case by Judge Davis while the majority of the court quote with approval as follows: "Chief Justice Butler, in the case of *State* v. *Carroll*, 38 Conn. 449, after a very exhaustive examination and review of the English and American authorities, defines and classifies officers *de facto* as follows: 'An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid so far as they involve the interests of the public and third persons, where the duties of the office were exercised: First, without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer he assumed to be; second, under color of a known and valid appointment or election, but where the officer failed to conform to some precedent, requirement or condition, as to take an oath, give a bond, or the like; third, under color of a known election or appointment, void because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power or defect being unknown to the public; fourth, under color of an election or appointment by or pursuant to a public unconstitutional law before the same is adjudged to be such.'" Section 15, chapter 7, Code, provides, "All judgments given and all acts done by any person, by authority or color of any office, or the deputation thereof, under the restored government of Virginia or of this State, before his removal therefrom, shall be valid, though it may afterwards be decided or adjudged that he was not lawfully elected or appointed or was disqualified to hold the office, or that the same had been forfeited or vacated." And in *State* v. *Carter*, 39 S. E. 611, decided at the last September term of this Court, Syl. 3 holds that "A judgment given or an act done by any person by authority or color of any office is valid and binding, though it may afterwards be decided or

adjudged that he was not lawfully elected or appointed, or was disqualified to hold the office, or that the same had been forfeited or vacated." The record as corrected by the court shows that the special judge, after his election, took the several oaths prescribed by law showing his due qualification.

As to the question of the death of Judge Jackson the regular judge ending the term, there was no *hiatus,* the office does not depend upon the incumbent, the court was in session from day to day and the day previous to his death was adjourned, by the special judge holding it, to meet again on the following day, on which the judge died, the special judge on the same day was regularly appointed and qualified and proceeded with the business of the term. The special judge who tried the case, being the same person who was appointed successor to the regular judge and who continued to hold the term, was the person above all others who was best qualified to pass intelligently on the defendants' motion for a new trial, he having supervised the trial and was personally cognizant of all that occurred in the course of the trial, hence there can be no question about the right or even the propriety of his passing upon the motion as he did, and the court having jurisdiction in the case the writ of prohibition is refused.

*Writ Denied.*