387 S.E.2d 837

STATE of West Virginia ex rel. The McDOWELL COUNTY CORRECTIONAL OFFICERS' ASSOCIATION

v.

Earl YEAGER, Sheriff of McDowell County, and the McDowell County Commission.

No. 18865.

Supreme Court of Appeals of West Virginia.

Dec. 15, 1989.

Sarah N. Hall, Welch, for Earl Yeager.
Joseph A. Colosi, Welch, for State.

WORKMAN, Justice:

This case is before the Court upon the appeal of Earl Yeager, Sheriff of McDowell County, from a September 29, 1988, amended order of the Circuit Court of McDowell County which granted a writ of mandamus directing that the personnel[1] at the McDowell County Jail be given time off on the days designated as legal holidays under the provisions of W.Va.Code § 2–2–1 (1985) or, in the alternative, payment at a rate of one and one-half times the regular rate of pay on those legal holidays listed in W.Va.Code § 2–2–1. The appellant's only assignment of error is whether the writ of mandamus should have been issued against the Sheriff and the McDowell County Commission (hereinafter called County Commission). We find that the writ was improperly granted and reverse the decision of the circuit court.

The appellees filed a petition for writ of mandamus on November 24, 1987. The petition alleged that the appellees were entitled to have the legal holidays listed in W.Va.Code § 2–2–1 off from work or alternate time off. The petition further alleged that if the appellees were required to work on one of the legal holidays and were not given compensatory time off, they should be compensated at one and one-half times their regular rates of pay. The appellees asked the court to order the Sheriff to pay them for all holidays which they had worked in the past at a rate of one and one-half times their regular rates of pay.

The lower court ruled that the correctional officers have a clear legal right to the benefit of the holidays enumerated in W.Va.Code § 2–2–1 and that the Sheriff and County Commission have a clear legal duty to give the correctional officers the benefit of the statutorily enumerated holidays, either as time off with pay, as compensatory time, or as monetary compensation at one and one-half times their regular rate of pay. The court then ordered that the correctional officers be compensated in accordance with the ruling from July 1, 1985, to July 1, 1988, a period of three years, and that the Sheriff and County Commission should thereafter give the appellees the benefit of all holidays enumerated in W.Va.Code § 2–2–1. The monetary

---

1. The petition for writ of mandamus was originally brought on behalf of the correctional officers only. However, at a show cause hearing and a hearing on a motion for reconsideration held on September 15, 1988, the court amended the petition to include food handlers, cooks and janitors based upon an agreement of the respective parties. The petition had previously been amended on February 9, 1988, to include the McDowell County Commission as respondent.

amount of the judgment was $43,447.92, plus interest at the rate of ten percent (10%) per annum starting July 1, 1988, until paid, and costs of the action.

■ In order for a writ of mandamus to issue, the following three elements must co-exist: "(1) a clear legal right in the petitioner to the relief sought; (2) a clear legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syl. Pt. 1, in part, *Allen v. State Human Rights Comm'n*, 174 W.Va. 139, 324 S.E.2d 99, 101 (1984) *citing* Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).

■ The issue in this case is whether there exists a clear legal right on the part of the correctional officers, food handlers, cooks and janitors to either time off or payment at the rate of one and one-half times the regular rates of pay for the work they perform on the legal holidays listed in W.Va.Code § 2-2-1. The appellant contends that the lower court erred when it found that W.Va.Code § 2-2-1 provided that all state employees shall be given certain enumerated holidays off thus giving the appellees a clear legal right to the benefit of those holidays. The appellees argue that W.Va.Code § 2-2-1, in conjunction with the *Standard Operating Procedure, "Rules and Regulations"* (hereinafter called *Standard Operating Procedures*), used by the McDowell County Jail entitled them to either time off for the holidays or compensation.

■ Whether a group of employees is entitled to holiday pay is determined by statute or a collective bargaining agreement. *See Pullano v. City of Bluefield*, 176 W.Va. 198, 342 S.E.2d 164, 167 n. 4 (1986). The statute ultimately relied upon by the appellees for their holiday pay is W.Va.Code § 2-2-1 which provides:

The following days shall be regarded, treated and observed as legal holidays, viz: The first day of January, commonly called 'New Year's Day'; the third Monday of January, commonly called 'Martin Luther King's Birthday'; the twelfth day of February, commonly called 'Lincoln's Birthday'; the third Monday of February, commonly called 'Washington's Birthday'; the last Monday in May, commonly called 'Memorial Day'; the twentieth day of June, commonly called 'West Virginia Day'; the fourth day of July, commonly called 'Independence Day'; the first Monday of September, commonly called 'Labor Day'; the second Monday of October, commonly called 'Columbus Day'; the eleventh day of November, hereafter referred to as 'Veteran's Day'; the fourth Thursday of November, commonly called 'Thanksgiving Day'; the twenty-fifth day of December, commonly called 'Christmas Day', any national, state or other election day throughout the district or municipality wherein the election is held; and all days which may be appointed or recommended by the governor of this state, or the president of the United States, as days of thanksgiving, or for the general cessation of business; and when any of these days or dates falls on a Sunday, then the succeeding Monday shall be regarded, treated and observed as the legal holiday.

When the return day of any summons or other court proceeding or any notice or time fixed for holding any court or doing any official act shall fall on any of these holidays, the next ensuing day which is not a Saturday, Sunday or legal holiday shall be taken as meant and intended: Provided, That nothing herein contained shall increase nor diminish the legal school holidays provided for in section two [§ 18A–5–2], article five, chapter eighteen-a of this code.

We have previously found that W.Va.Code § 2-2-1,

by its express terms, deals with and applies only to a summons, a court proceeding or a notice fixing a designated time to hold court or to do an official act, and provides that when the time so fixed for holding court or doing such act falls on a legal holiday, the time specified in the summons or the notice shall be meant and intended for the ensuing secular day

instead of the holiday designated in the summons or the notice.

*Means v. Kidd,* 136 W.Va. 514, 67 S.E.2d 740, 743 (1951). Obviously, neither the statute itself nor our prior interpretation of it indicates that this provision entitles anyone to time off or compensation for the enumerated holidays.

Further, when analyzing the statutes relating to police and fire personnel pertaining to holidays, it is easily noted that those provisions found in W.Va.Code § 8–14–2a (1976)[2] and W.Va.Code § 8–15–10a (1976)[3] actually incorporate the holidays listed in W.Va.Code § 2–2–1. Unfortunately, there is no corresponding code provision dealing with correctional officers.[4] The closest code provision for correctional officers which deals with holidays is W.Va.Code § 7–14B–18 (1983)[5] which does provide for vacation time for correctional officers, but does not address whether they should get time off or compensation for holidays worked. It is also important to note that this provision simply does not incorporate the holidays enumerated in W.Va.Code § 2–2–1.

The only other possible statutory provision which would provide the appellees ei-

ther time off or compensation for those holidays found in W.Va.Code § 2–2–1 is West Virginia's "Minimum Wage and Maximum Hours Standards for Employees" statute found in W.Va.Code §§ 21–5C–1 to –11, as amended. Again, these provisions do not provide for either holiday pay or time off for holidays worked. *See Pullano,* 176 W.Va. at 201 n. 4, 342 S.E.2d at 167 n. 4. Also, the "Minimum Wage and Maximum Hours Standard for Employees" statute is meant to compensate those employees who work over forty hours per week. W.Va.Code § 21–5C–3 (1980). No correctional officer involved in this case works more than forty hours per week.

Consequently, there are no statutory provisions which provide the appellees either time off for holidays worked or compensation. The appellees' argument that the *Standard Operating Procedures* for the McDowell County Jail along with W.Va. Code § 2–2–1 entitle them to holidays off or compensation is simply unsupported.

Within the *Standard Operating Procedures* for the jail under "Holidays" the following provision is found:

Due to the nature of the work at the jail, not all employees can take holidays off.

---

**2.** West Virginia Code § 8–14–2a provides that:
From the effective date of this section [June 6, 1976], if any municipal police officer is required to work during a legal holiday as is specified in section one [§ 2–2–1], article two, chapter two of this Code, or if a legal holiday falls on the police officer's regular scheduled day off, he shall be allowed equal time off at such time as may be approved by the chief of police under whom he serves, or in the alternative, shall be paid at a rate not less than one and one-half times his regular rate of pay.

**3.** West Virginia Code § 8–15–10a provides that:
From the effective date of this section [June 6, 1976], if any member of a paid fire department is required to work during a legal holiday as is specified in section one [§ 2–2–1], article two, chapter two of this Code, or if a legal holiday falls on the member's regular scheduled day off, he shall be allowed equal time off at such time as may be approved by the chief executive officer of the department under whom he serves, or in the alternative, shall be paid at a rate not less than one and one-half times his regular rate of pay.

**4.** *See* W.Va.Code §§ 7–14B–1 to –23, as amended.

**5.** West Virginia Code § 7–14B–18 states that:
The county commission of each county shall allow the correctional officer in its employ vacation time accrued in the following manner: For correctional officers with less than five years of service, vacation time shall be accrued at the rate of one and one-quarter days for each calendar month of service; for correctional officers with five to ten years of service, vacation time shall be accrued at the rate of one and one-half days for each calendar month of service; for correctional officers with ten to fifteen years of service, vacation time shall be accrued at the rate of one and three-quarters days for each calendar month of service; and for correctional officers with fifteen or more years of service, vacation time shall be accrued at the rate of two days for each calendar month of service.
Each correctional officer shall only receive vacation time for each month in which he shall have worked one hour more than one half the normal working hours in a given month as prescribed by the sheriff.
Accrued vacation time may be carried forward from one calendar year to the next, in accordance with county policy.

Any employee who is required to work holidays will receive a compensatory day at a later date at the jail's convenience.

Other than the jailors, the jail will operate on a skeleton crew on holidays. NOTE: Work schedules will be posted at least two days before holiday arrives.

This procedure was subsequently modified on September 28, 1987, when the McDowell County Sheriff set forth the following administrative guidelines.

The McDowell County Correctional Facility is under Federal Court Order which provides that the facility will have adequate staff at all times to supervise inmates and ensure the safety and security of the inmates and the institution. Due to the fact that the facility operates on a twenty-four hour basis, it is impossible to allow employees to be absent from work on holidays. Since there is no way to adequately staff the facility and allow compensatory time for these holidays, it is, also, impossible to compensate employees for holidays worked. Also, Federal Labor Laws do not provide for comp time for holidays.

The practice of working a skeleton crew on holidays and giving compensatory time to employees who worked was discontinued in November of 1984 due to the fact that employees were abusing the sick leave by taking sick leave consecutively with holidays and compensatory time; therefore leaving the facility understaffed.

In summary, holidays worked by correctional employees will be treated as any other work day, as has been the administrative policy for approximately three years prior to the institution of this set of guidelines dated September 28, 1987.

First, there is no incorporation of W.Va. Code § 2–2–1 into either the original procedure or the subsequent administrative guideline. Second, there is no indication that the *Standard Operating Procedure* of the jail is the result of a collective bargaining agreement or any form of contract in which both parties agree that the appellees were to get either time off or compen-

sation for the holidays listed in W.Va.Code § 2–2–1. *See Pullano,* 176 W.Va. at 201 n. 4, 342 S.E.2d at 167 n. 4.

Therefore, we find that since no clear legal right, either in statutory provisions or in contract, exists in the appellees to the holidays enumerated in W.Va.Code § 2–2–1, the appellants are not required to give the appellees either time off or compensation at a rate of one and one-half times their regular rates of pay, because the appellees worked on the legal holidays listed in the pertinent code provision.

Based upon the foregoing opinion, the decision of the Circuit Court of McDowell County is hereby reversed.

Reversed.