412 S.E.2d 237

**STATE of West Virginia ex rel. Larry A. HAYDEN Petitioner Below, Appellee,**

**v.**

**WYOMING COUNTY CORRECTIONAL OFFICER CIVIL SERVICE COMMISSION, Arnold Harless, Chairman Respondent Below, Appellant.**

**No. 20103.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 1991.

Decided Dec. 6, 1991.

---

Larry A. Hayden, pro se.

Louise G. Staton, Moler & Staton, Mullins, for appellant.

PER CURIAM:

This is an appeal by the Wyoming County Correctional Officer Civil Service Commission from an order entered by the Circuit Court of Wyoming County on May 10, 1990. In that order, the circuit court found that the Commission was not properly constituted at the time when Larry A. Hayden was seeking a civil service appointment and that, consequently, all actions taken by the Commission during that time were void. The court also directed the Commission to

pay Mr. Hayden back pay, to award him seniority rights, and to reform itself. On appeal, the Commission claims that the circuit court erred in ruling that all actions which it took while it was improperly constituted were void as a matter of law. It also argues that the court's award of back pay was improper. After reviewing the record and the questions presented, this Court agrees and reverses the decision of the Circuit Court of Wyoming County.

The Wyoming County Correctional Officer Civil Service Commission is organized pursuant to the provisions of *W.Va.Code*, 7–14B–1 *et seq.*, which provides for the creation of a civil service system for the selection of correctional officers in the offices of sheriffs in West Virginia in counties with a population of 25,000 or more. Among other powers and duties, the Commission is charged with determining the eligibility of candidates for the position of correctional officer and for certifying lists of eligible candidates to the sheriff. The Commission is given no power to make actual appointments; instead, appointments are to be made by the sheriff from the list of eligibles certified by the Commission. *W.Va.Code*, 7–14B–11.

*West Virginia Code*, 7–14B–3, the Code section which authorizes and mandates the establishment of civil service commissions for correctional officers in counties with over 25,000 population, specifies that not more than any three of the commissioners sitting on a civil service commission for correctional officers shall be of the same political party.

On July 6, 1989, the sheriff of Wyoming County, pursuant to *W.Va.Code*, 7–14B–11, notified the Wyoming County Correctional Officer Civil Service Commission that there was a position for a temporary correctional officer available in Wyoming County and requested a list of eligible candidates be certified to him. At that time, the Wyoming County Commission was composed of five individuals. Three were Democrats at the time of their appointment to the Commission, and two were Republicans at the time of their appointment. Some time prior to May, 1988, however, one of the Republicans had changed his voting registration from Republican to Democrat so, at the time of the July 6, 1989, notification of an opening by the sheriff, the Commission was composed of four Democrats and one Republican, in violation of the provision of *W.Va.Code*, 7–14B–3, which specified that no more than three members of a commission should be of the same political party.

In spite of the irregularity in the composition of the Commission, the Wyoming County Commission, pursuant to the sheriff's July 6, 1989, notice, certified a list of eligible candidates for the temporary correction officer opening. Larry A. Hayden should have been included in the list of eligibles. His name, however, was not included.

Since Larry A. Hayden's name was not included on the list of certified eligibles, he, of course, was not appointed to the opening. He consequently filed a petition for a writ of mandamus with the Circuit Court of Wyoming County to require the appellant Civil Service Commission to pay him back pay, award him seniority rights, reform its membership, and award him a new hearing.

The Circuit Court of Wyoming County took the matter under consideration and, after development of the facts, ruled that the Civil Service Commission's actions taken during the time that it was not properly constituted were void. The court also directed the Civil Service Commission to place Mr. Hayden's name on the list of eligibles, to comply with statutory membership requirements, and to pay Mr. Hayden back pay from the date of the appointment he was not able to obtain.

In the present appeal, the Civil Service Commission claims that the circuit court's ruling was erroneous for a number of reasons. Its first claim is that the defect in its membership, that is, the fact that it was composed of four Democrats and one Republican, in spite of the requirements of *W.Va.Code*, 7–14B–3, did not render all its acts void as a matter of law and that the circuit court erred in ruling that the improper membership did render all its acts void. With this point, this Court agrees.

■ There is a rather substantial body of law in West Virginia indicating that acts of *de facto* officers are valid so far as the public and third persons are concerned.

*Stowers v. Blackburn,* 141 W.Va. 328, 90 S.E.2d 277 (1955); *State ex rel. Bailey v. Wayne County Court,* 92 W.Va. 67, 114 S.E. 517 (1922); *Fairmont Wall Plaster Co. v. Nuzum,* 85 W.Va. 667, 102 S.E. 494 (1920); *Old Dominion Building & Loan Association v. Sohn,* 54 W.Va. 101, 46 S.E. 222 (1903); *Knight v. Town of West Union,* 45 W.Va. 194, 32 S.E. 163 (1898). The basic rule is set forth in syllabus point 4 of *Stowers v. Blackburn, supra,* as follows: "The acts of a de facto officer, as to the public and third persons, are as valid as if he were a de jure officer."

A *de facto* officer is defined in syllabus point 3 of *Stowers v. Blackburn, supra,* as follows: "A person is a de facto officer when he is in possession of an office and discharges its functions under color of authority." In *Stowers v. Blackburn* it is also stated:

Another and more comprehensive definition is: "An officer *de facto* is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the officer were exercised; First, without a known appointment or election, but under such circumstances of reputation or acquiescence as were calculated to induce people, without inquiry, to submit to or to invoke his action, supposing him to be the officer he assumed to be; second, under color of a known and valid appointment or election, but where the officer had failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like; third, under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such as ineligibility, want of power, or defect being unknown to the public; fourth, under color of an election or appointment by or pursuant to a public unconstitutional law, before the same is adjudged to be such." *Calley v. Blake,* 126 W.Va. 696, 29 S.E.2d 634. See *Franklin v. Vandervort,* 50 W.Va. 412, 40 S.E. 374; *State v.*

*Carroll,* 38 Conn. 449, 9 Am.Rep. 409; 43 Am.Jur., Public Officers, Section 471. *Stowers v. Blackburn,* 141 W.Va. at 339, 90 S.E.2d at 284. In the more recent cases of *State ex rel. Gillespie v. Wood,* 154 W.Va. 422, 175 S.E.2d 497 (1970), and *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970), the Court stressed that in order to be a *de facto* officer the position which a person occupies must have a *de jure* existence.

Rather clearly, the Wyoming County Correctional Officer Civil Service Commission involved in the present case had, and has had, a *de jure* existence since it is organized pursuant to a valid legislative enactment, *W.Va.Code,* 7–14B–1 *et seq.* The membership of the Commission, however, at the time Larry A. Hayden was involved with it was defective in that it failed to have the proper political balance required by *W.Va.Code,* 7–14B–3. In effect, the organization had a *de jure* existence, but appropriate individuals were not occupying *de jure* positions within the organization.

Under *Stowers v. Blackburn, supra,* an individual is a *de facto* officer when he, without *de jure* authority, is in possession of an office that has *de jure* existence, and discharges its functions under color of authority. In the present case, in this Court's view, the Wyoming County Correctional Officer Civil Service Commissioners were not *de jure* officers at the time they performed the acts relevant to the present proceeding since they did not represent the correct political balance required by *W.Va.Code,* 7–14B–3. They were, however, occupying, and in possession of, offices that were properly created under *W.Va.Code,* 7–14B–1 *et seq.* and which, thus, had a *de jure* existence. At the time they certified the list in question to the sheriff they were also functioning under color of authority. These circumstances compel the conclusion that they were *de facto* officers under our law.

As indicated in *Stowers v. Blackburn, supra,* the fact that an individual is a *de facto* officer does not preclude him from performing a valid public act insofar as the public or third persons are concerned. In

fact, as indicated in syllabus point 4 of *Stowers v. Blackburn*, the acts of a *de facto* officer, as to the public and third persons, are just as valid as if he were a *de jure* officer.

■ In view of these principles, this Court believes that the Wyoming County Correctional Officer Civil Service Commission could, and did, perform valid acts insofar as the public and third persons were concerned, even while it was improperly composed in terms of political balance. The Court also believes that, given the circumstances and the law, the Circuit Court of Wyoming County erred in ruling that the actions which the Commission took while it was improperly composed were void. Further, in certifying a list of eligibles to the position which the relator was seeking, the Commission performed a valid act, insofar as the public and third parties were concerned, even if the act was improperly performed.

In addition to claiming that the circuit court erred in ruling that its actions were void, the Civil Service Commission further argues that Mr. Hayden was not entitled to a writ of mandamus in that he failed to show a clear legal right to the relief which he sought. Basically, the Commission points out that Mr. Hayden sought to compel it to award him back pay and that the circuit court granted him that relief. The Commission argues that it is beyond the scope of the Commission's authority to hire an individual as a correctional officer and that its only duty is to supply the sheriff with the names of the three top candidates. Under the circumstances, the Commission claims that Mr. Hayden did not have a clear legal right to compel it to award him back pay and that the circuit court erred in its back pay ruling.

■ This Court has indicated that before a writ of mandamus will issue, three elements must co-exist. As stated in syllabus point 1 of *State ex rel. McDowell County Correctional Officers Association v. Yeager*, 182 W.Va. 370, 387 S.E.2d 837 (1989):

> " 'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a clear legal duty on the part

of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syl. pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969)." Syl. Pt. 1, *Allen v. State Human Rights Comm'n*, 174 W.Va. 139, 324 S.E.2d 99 (1984).

■ The statute creating civil service for deputy sheriffs, *W.Va.Code*, 7–14B–1 *et seq.*, authorizes a civil service commission to prescribe and enforce rules and regulations, to make investigations, to prepare classification and promotion plans, and to take certain other acts relating to the determination of eligibility of individuals for appointment as correctional officers. *West Virginia Code*, 7–14B–11, a part of the act, however, provides that individuals shall actually be appointed by the sheriff and that the function of the commission in the hiring process is to certify the names of the three persons who have received the highest averages at preceding competitive examinations.

Under *W.Va.Code*, 7–14B–1 *et seq.*, while a civil service commission is given authority to place a name on the list of eligibles, it is given no power to employ an individual as a correctional officer and is given no power to pay a correctional officer.

Rather clearly, since the correctional officer civil service commissioner had authority to place a name on the list of eligibles, the circuit court properly mandated the Wyoming County Correction Officer Civil Service Commission to place Mr. Hayden's name on the list of eligibles. However, given the fact that a correctional officer civil service commission, and the Wyoming County Correction Officer Civil Service Commission in particular, has no power to hire or pay a correctional officer, this Court believes that the relator, Larry A. Hayden, has failed to establish, and cannot establish, that the Wyoming County Correctional Officer Civil Service Commission, or its chairman, had or has a clear legal duty to do the chief thing which he, by the filing of his petition for a writ of mandamus, sought to compel, that is, to pay him back pay. Given this fact, and given the rule that before a writ of mandamus will issue a relator must show that the respondent has

a clear legal duty to do the thing which he seeks to compel, this Court concludes that the Circuit Court of Wyoming County erred in issuing the writ of mandamus to compel the Civil Service Commission to grant him back pay.[1]

For the reasons stated, the judgment of the Circuit Court of Wyoming County, insofar as it relates to the acts of the Civil Service Commission being void, and insofar as it relates to the hiring or back pay of Larry A. Hayden as a correctional officer, is reversed, and the writ of mandamus issued by the court is, in that regard, vacated and declared a nullity. In all other respects, it is upheld.

Reversed, in part, and writ, in part, vacated.

---

1. Although the Court concludes that a mandamus against the Wyoming County Correctional Officers Civil Service Commission was not an appropriate remedy in this matter, this ruling should not be construed as to preclude the relator from seeking some other form of appropriate relief.

The Court also notes that the appellant assigns as error the fact that the relator failed to establish damages with reasonable certainty in this matter. Since the Court has concluded that no relief is available to the relator by way of writ of mandamus against the Civil Service Commission, the Court believes that it is unnecessary to discuss that final point raised by the appellant.