# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

Spring 2024 Term

_____

No. 23-ICA-101

_____

FILED

April 22, 2024

released at 3:00 p.m.
ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

WV NATIONAL AUTO INSURANCE COMPANY,

Defendant Below, Petitioner,

v.

DANNY J. DOBBINS and JACKIE L. DOBBINS,

Plaintiffs Below, Respondents.

_____

Appeal from the Circuit Court of Logan County
Honorable Joshua Butcher, Judge
Case No. CC-23-2020-C-98

REVERSED AND REMANDED

_____

Submitted: February 6, 2024
Filed: April 22, 2024

Trevor K. Taylor, Esq.                          Matthew M. Hatfield, Esq.
Taylor Law Office                               Hatfield & Hatfield, PLLC
Morgantown, West Virginia                       Madison, West Virginia
Counsel for Petitioner                          Counsel for Respondent

JUDGE GREEAR delivered the Opinion of the Court.

GREEAR, Judge:

On February 14, 2023, the Circuit Court of Logan County awarded partial summary judgment to Respondents Mr. Danny J. Dobbins and Ms. Jackie L. Dobbins and concluded that a policy of insurance issued to Ms. Dobbins by Petitioner, West Virginia National Auto Insurance Company ("WV National"), provided uninsured motorist ("UM") coverage to Mr. and Ms. Dobbins for their claims related to a February 15, 2019, motor vehicle accident. The court concluded that Ms. Dobbins reported the underlying motor vehicle accident to police within the time frame contemplated under West Virginia Code §§ 33-6-31(e)(1) (2015), 2-2-1 (2006), and 2-2-2 (1998). Further the circuit court reasoned that even if there were a delay in Ms. Dobbins reporting the underlying accident to police, there was no prejudice to WV National.

On appeal, WV National contends that the circuit court erred by improperly tolling the notice requirement of West Virginia Code § 33-6-31(e)(1) and disregarding the express language of Part E of WV National policy. After a review of the record and the oral and written arguments of counsel on appeal, we find that the circuit court erred in tolling the twenty-four hour notice requirement set forth in West Virginia Code § 33-6-31(e)(1) and the WV National policy. Accordingly, we reverse the circuit court's February 14, 2023, order and remand the case to circuit court for further proceedings consistent with this opinion.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2018, WV National issued a policy of insurance, *Personal Automobile Insurance Policy* ("policy") number WV 1186521, to Ms. Jackie Dobbins, with her husband Danny Dobbins noted as an "operator" under the policy. A 2001 Dodge Dakota truck ("truck") was listed as an insured vehicle under the policy and denoted as *Vehicle #2*. Under the terms of the policy, insurance coverage for the Dobbins' vehicles was to extend to March 20, 2019, and included $25,000/$50,000 of UM liability coverage and $25,000 UM property damage coverage.

On Friday, February 15, 2019, at approximately 3:30 p.m., Mr. Dobbins contends that he was operating his truck at or near Lorraine Street in Logan, West Virginia, when his truck was struck, in the rear passenger side quarter panel, by a black Toyota truck that immediately fled the scene of the accident. Mr. Dobbins argues that the subject accident was caused by the unknown driver's failure to maintain control of his/her vehicle.

At the time of the underlying accident, Mr. Dobbins was driving his adult daughter, Heather Nease, from the grocery store to her home, which is located near a hill on or at Lorraine Street. During his March 25, 2021, deposition, Mr. Dobbins recalled that the accident occurred after he exited the main highway and stopped his vehicle at a lower portion of the hill near Lorraine Street. Mr. Dobbins stated that after exiting the main highway, he pulled over to the left hand side of the hill to allow for a black Toyota truck that was driving down the hill to pass him, when the driver of the black Toyota "cut a sharp

right curve" and "clip[ped]" the back rear end of Mr. Dobbins' truck. Mr. Dobbins did not immediately report, or immediately seek medical treatment, for any physical injuries allegedly sustained as a result of the accident. No calls for emergency assistance were made by Mr. Dobbins or any other person related to the February 15, 2019, accident.

Following the accident, that same day, Mr. Dobbins drove his truck back to his home in Wilkinson, West Virginia. Mr. Dobbins' wife described that post-accident he was not emotional or "physically banged up" such that he could not talk about the accident when he arrived home. In fact, she agreed that post-accident, Mr. Dobbins was able to walk and talk freely. She further explained that she and her husband had a landline telephone in their home that was functional and agreed that there was nothing that prevented Mr. Dobbins from using the phone following the accident.[1]

It is undisputed that Mr. and Ms. Dobbins advised WV National of the subject accident on February 19, 2019. However, for reasons unexplained, neither Mr. Dobbins nor Ms. Dobbins reported the occurrence of the underlying accident to police until, at the earliest, February 19, 2019, more than three days following the accident.[2] Mr. and Ms.

---

[1]Mr. Dobbins made similar statements during his deposition and agreed that even though he was involved in the accident and complained of some related back and neck injuries that his ability to communicate or "tell someone" about the accident was not impaired by the accident. In other words, he agreed that he was able to physically report the accident following the accident.

[2]Concluding that the notification to police occurred on February 19, 2019, is speculative at best and not supported by the record. Neither Mr. nor Ms. Dobbins testified

Dobbins recalled that several days following the accident, they traveled to Logan City Hall to report the accident to the Logan City Police department and were advised that they had "waited too long to report the accident."[3]

Mr. and Ms. Dobbins cooperated with WV National in its investigation of the underlying accident, by completing and returning the *Insured Driver Statement Form*. By letter dated April 5, 2019, WV National advised Mr. and Ms. Dobbins that it had denied their UM property damage claim (for damage to Mr. Dobbins' truck) on March 27, 2019, and, similarly, that it also denied Mr. Dobbins' UM personal injury claim on the same basis that "the police were not contacted within the twenty-four hour period following the occurrence of the [subject] accident."

By letter dated June 12, 2019, WV National asked to inspect Mr. Dobbins' truck and for witness contact information. On June 24, 2019, counsel for Mr. and Ms. Dobbins provided the requested information by letter. Subsequently, WV National obtained witness

---

as to this date being the reporting (to police) date certain. In her deposition, Ms. Dobbins agreed that neither she nor her husband had contacted police about the accident before February 19, 2019, and that all she knew is that they went to Logan City Hall to report the accident (to Logan City Police) "so many days after [the accident] or several days after" but she was unable to state, with certainty that the accident was reported to police on February 19, 2019.

[3]The Logan City Police Department did not prepare a report related to the accident and has no record of when the accident was allegedly reported to them by Mr. and Ms. Dobbins.

statements and assigned an adjuster to examine Mr. Dobbins' truck and prepare a report for estimated damages. On September 3, 2019, WV National again wrote to Mr. and Ms. Dobbins and denied "any and all uninsured motorist claims arising from the subject loss as the police were not contacted within 24 hours of the discovery of subject loss as required by the subject policy and [West Virginia Code §] 33-6-31(e)(1)."

Thereafter, on September 14, 2020, Mr. and Ms. Dobbins filed the underlying lawsuit against John Doe and WV National. On September 9, 2021, the circuit court heard arguments on both parties' motions for partial summary judgment. During these arguments, counsel for Mr. and Ms. Dobbins acknowledged that his "clients failed to notify the police, police officer, or judicial officer . . . within [twenty-four] actual hours[]" following the underlying accident. By order dated February 14, 2023, the court ruled in favor of Mr. and Ms. Dobbins, finding that the twenty-four hour collision reporting requirement under West Virginia Code § 33-6-31(e)(1) was tolled based on the application of West Virginia Code §§ 2-2-1 and 2-2-2. This appeal followed.

## II.    STANDARD OF REVIEW

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further, our review of this matter is guided by the Supreme Court of Appeals of West Virginia's ("SCAWV") recognition, in syllabus point one of *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995), that "[w]here the issue on an appeal from the circuit court is clearly a question of

5

law or involving an interpretation of a statute, we apply a *de novo* standard of review." Likewise, in syllabus point one of *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 466 S.E.2d 424 (1995), the SCAWV held "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."

The SCAWV has also determined that "[t]he interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination that, like a lower court's grant of summary judgment, shall be reviewed *de novo* on appeal." Syl. Pt. 2, *Riffe v. Home Finders Assoc., Inc.*, 205 W. Va. 216, 517 S.E.2d 313 (1999). With these standards in mind, we now consider the issues raised on appeal.

## III. DISCUSSION

On appeal, WV National advances three assignments of error. First, WV National argues that the circuit court improperly tolled the twenty-four hour reporting requirement under West Virginia Code § 33-6-31(e)(1). Second, it argues that even if the reporting period was properly tolled, the circuit court improperly concluded that Mr. and Ms. Dobbins sought to report the underlying accident within the tolled period. Lastly, WV National contends that the circuit court erred when it failed to strictly apply WV National's policy language and, instead, applied a prejudice standard.

As the first two assignments of error are interrelated, we will address them together. Here, the crux of WV National's argument is that West Virginia Code § 33-6-31(e) was improperly tolled by the circuit court's application of West Virginia Code § 2-2-1 and by its finding that Mr. and Ms. Dobbins attempted to report the accident to police on February 19, 2019. Based upon our review of the record and applicable law, we agree with WV National on both points.

West Virginia Code § 33-6-31(e) provides, in pertinent part, that:

[i]f the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured, or someone in his or her behalf, in order for the insured to recover under the uninsured motorist endorsement or provision, shall:

(1) Within twenty-four hours after the insured discover, and being physically able to report the occurrence of such accident, the insured, or someone in his or her behalf, reports the accident to a police, peace or to a judicial officer, unless the accident has already been investigated by a police officer[.][4]

---

[4]Virtually identical to the provisions of West Virginia Code § 33-6-31(e)(1), the Part E- DUTIES AFTER AN ACCIDENT OR LOSS endorsement of the WV National policy at issues expressly states as follows:

C.     A person seeking Uninsured Motorists Coverage must also:

1. Within twenty-four hours after the insured discovers, and [being] physically able to report the occurrence of such accident, the insured or someone in his or her behalf, reports the accident to a police, peace or to a judicial officer, unless the accident has already been investigated by a police officer.

The SCAWV has long held that "[i]t is a well known rule of statutory construction that the Legislature is presumed to intend that every word used in a statute has a specific purpose and meaning." *State ex rel. Johnson v. Robinson*, 162 W. Va. 579, 582, 251 S.E.2d 505, 508 (1979). Our state's highest court has further reasoned that "[w]here the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syl. Pt. 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970).

As the clear and unambiguous language of West Virginia Code § 33-6-31(e)(1),[5] provides, it is the duty of insured seeking UM coverage to report any bodily injury or property damage caused by an unknown party in a motor vehicle accident to "police, peace or to a judicial officer" within twenty-four hours after the accident or the insured discover, but only if the insured or someone on his or her behalf is "physically able to report the occurrence of [the] accident."[6] Here, there is no dispute that neither Mr. Dobbins, Ms. Dobbins, nor anyone on their behalf notified a "police, peace, or judicial officer" of the underlying accident, within twenty-four hours of the occurrence of the accident. Counsel for Mr. and Ms. Dobbins expressly acknowledged the same before the circuit court.

---

[5]Mr. and Ms. Dobbins have not argued before this court that any portion of West Virginia Code § 33-6-31(e)(1) was ambiguous. Further, the record provided does not indicate that Mr. and Ms. Dobbins advanced any such arguments before the circuit court below.

[6]This statute further provides that twenty-four hour reporting of the accident to police is not necessary if the accident has already been investigated by a police officer.

We then turn to a determination of whether Mr. Dobbins was physically able to report the occurrence of the accident to police within twenty-four hours following said accident. We find no evidence in the record to conclude that Mr. Dobbins was not physically able to report the occurrence of the accident to police within twenty-four hours following said accident. The record reflects that upon returning to his residence immediately following the accident, Mr. Dobbins described the accident, in detail, to his wife. Additionally, there is no indication in the record that Mr. Dobbins or his wife, who both had access to a landline telephone at their home, were prevented in any way from reporting the accident to police via telephone or otherwise. Thus, in the case *sub judice*, we find that Mr. and Ms. Dobbins' failure to report the subject accident to police within twenty-fours hours of the occurrence of the accident, as expressly directed by West Virginia Code § 33-6-31(e)(1) and expressly required under the policy at issue, precludes their claim for UM coverage under the policy.[7]

_____

[7]As reasoned by Justice Wooton in his concurring opinion in *Progressive Max Insurance Company v. Brehm*, 246 W. Va. 328, 335-36, 873 S.E.2d 859, 866-67 (2022), to the extent that this Court's ruling may seem inequitable or fundamentally unfair, the SCAWV has consistently noted that:

> "[t]his Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*."

Syl. Pt. 2, *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 679 S.E.2d 323 (2009); *accord Lewis v. Canaan Valley Resorts, Inc.*, 185 W. Va. 684, 692, 408 S.E.2d 634, 642 (1991) ("[T]he judiciary may not sit as a superlegislature to judge the wisdom or desirability of

Despite our findings above, we are troubled by the circuit court's tolling of the reporting requirements of West Virginia Code § 33-6-31(e)(1), via its application of West Virginia Code § 2-2-1 and West Virginia Code § 2-2-2.[8] Specifically, in tolling the twenty-four hour reporting requirement in West Virginia Code § 33-6-31(e)(1), the circuit court relied upon the language contained within West Virginia Code § 2-2-1(e) which states:

> If any applicable provision of this code or any legislative rule or other administrative rule or regulation promulgated pursuant to the provisions of this code designates *a particular date* on, before or after which an act, event, default or omission is required or allowed to occur, and if *the particular date* designated falls on a Saturday, Sunday, legal holiday or designated day off, then the date on which the act, event, default or omission is required or allowed to occur is the next day that is not a Saturday, Sunday, legal holiday or designated day off. (emphasis added)

In relying upon this language, the circuit court concluded that West Virginia Code § 33-6-31(e)(1) designates a particular date in which an event is required to occur. Thus, because the underlying accident occurred on Friday, February 15, 2019, near the close of business, and because Monday was a recognized judicial holiday (President's Day), then Tuesday, February 19, 2019, was the deadline for required reporting, thus extending the reporting deadline by four days.

---

legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines."); Syl. Pt. 1, in part, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965) ("Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary.") As such, the remedy for this perceived inequity lies not with this Court, but with the West Virginia Legislature.

[8]West Virginia Code § 2-2-1 provides a list of the recognized legal holidays for purposes of official acts or court proceedings. West Virginia Code § 2-2-2 gives guidance for deadlines falling on Saturday, Sunday, or a legal holiday.

However, the circuit court failed to recognize that West Virginia Code §§ 2-2-1 and 2-2-2 are simply statutes enumerating legal holidays and outlining their effect on summonses and court proceedings and have no effect on the instant case. The SCAWV has previously reasoned that West Virginia Code § 2-2-1,

> by its express terms, deals with and applies only to a summons, a court proceeding or a notice fixing a designated time to hold court or to do an official act, and provides that when the time so fixed for holding court or doing such act falls on a legal holiday, the time specified in the summons or the notice shall be meant and intended for the ensuing secular day instead of the holiday designated in the summons or the notice.

*State ex rel. McDowell County Correctional Officers' Ass'n v. Yeager*, 182 W. Va. 370, 372-373, 387 S.E.2d 837, 839 (1989) (citing *Means v. Kidd,* 136 W. Va. 514, 518, 67 S.E.2d 740, 743 (1951). In the instant case, we are not dealing with a summons, court proceeding, or a notice fixing a designated time to hold court or do an official act, but rather the individual actions of a policy holder of a UM policy. Further, we are mindful of the express and unambiguous language of West Virginia Code § 2-2-1(e), which references "a particular date" and does not encompass or reference periods of time (i.e., twenty-four hours) with no fixed "particular date," such as the reporting deadline in the instant case. Thus, we find West Virginia Code §§ 2-2-1 and 2-2-2, inapplicable to the unique facts of the underlying case and conclude that the circuit court erred in tolling the twenty-four hour reporting period expressly outlined in West Virginia Code § 33-6-31(e)(1).

It is also important to note that the only tolling of the twenty-four hour reporting period mandated in West Virginia Code § 33-6-31(e)(1) is expressly stated within the

statutory language and occurs only when any insured is physically unable to report an accident. *See* Syl. Pt. 2, *Lusk v. Doe*, 175 W. Va. 775, 338 S.E.2d 375 (1985) (overruled on other grounds). As referenced above, there is evidence that Mr. Dobbins was able to report the accident to police within the twenty-four hour reporting requirement. Wherefore, based on the foregoing, we find that the twenty-four hour reporting requirement under West Virginia Code § 33-6-31(e)(1) was improperly tolled and Mr. or Ms. Dobbins, or someone on their behalf, was required to report the collision to the police prior to Saturday, February 16, 2019, at 3:30 p.m.[9]

WV National is further critical of the circuit court's finding that Mr. and Ms. Dobbins attempted to report the underlying accident to police on February 19, 2019. As noted above, in footnote two, the circuit court's determination that Mr. Dobbins attempted to report the accident to the City of Logan Police Department on February 19, 2019, is without foundational support in the record. The uncontroverted testimony of Mr. Dobbins and Ms. Dobbins during their depositions, establishes that neither of them could recall with any specificity the actual date of their attempted report to police and simply stated it was "several days" following the accident. Thus, the circuit court's finding of February 19,

---

[9]Moreover, even if we were to find any conflict with the provisions of West Virginia Code § 33-6-31(e)(1) and West Virginia Code § 2-2-1, "[t]he general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syl. Pt. 1, *UMWA by Trumka v. Kingdon*, 174 W. Va. 330, 325 S.E.2d 120 (1984). Thus, the statute dealing specifically with UM reporting, West Virginia Code § 33-6-31(e)(1), is given preference over the general provisions of West Virginia Code § 2-2-1.

12

2019, as the date of the alleged reporting to police was wholly speculative. Accordingly, we find that the circuit court clearly erred in concluding that Mr. and Ms. Dobbins attempted to report the accident by February 19, 2019.

Finally, WV National argues the circuit court erred when it failed to strictly apply WV National's policy language, and instead applied a prejudice standard. Based upon the unique facts and circumstances of this case, we agree. Here, as is noted in footnote four, the Part E Endorsement of the WV National policy is virtually identical to and contains the same twenty-four hour reporting requirement noted in West Virginia Code § 33-6-31(e)(1). Further, as we addressed in analyzing WV National's first assignment of error, the circuit court erred in improperly tolling the twenty-four hour reporting requirement in West Virginia Code § 33-6-31(e)(1). Similarly, as the policy at issue includes a nearly identical provision also requiring twenty-four hour reporting of an accident to police, we find that the circuit court erred in failing to apply the express provisions of the policy. This state's highest court has held that "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl. *Keffer v. Prudential Ins. Co. of Am.*, 153 W. Va. 813, 172 S.E.2d 714 (1970). Here, the clear and unambiguous language of the policy should have been given its full effect and the circuit court erred in failing to do so.

We further find that the circuit court erred in applying a prejudice standard. The circuit court, in its award of partial summary judgment to Mr. and Ms. Dobbins, conducted a prejudice analysis citing *State Auto. Mut. Ins. Co. v. Youler*, 183 W. Va. 556, 396 S.E.2d 737 (1990). In *Youler*, the SCAWV expanded on the language contained within West Virginia Code § 33-6-31 related to providing notice to the insurer. Specifically, the *Youler* Court adopted the position that "[. . .] in an uninsured or underinsured motorist case, prejudice to the investigative interests of the insurer is a factor to be considered, along with the reasons for delay and the length of delay, in determining the overall reasonableness in giving notice of an accident." *Id* at 563, 396 S.E.2d at 744. Under West Virginia Code § 33-6-31(e)(2), the insured is required to notify the insurer within sixty days of the collision. As stated in *Youler*, "[t]he purpose of a notice provision in an automobile insurance policy is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances surrounding the event which resulted in a claim being made against the insurer." *Id* at 561, 396 S.E.2d at 742.

However, critically detrimental to the circuit court's analysis below is that *Youler* discusses the reporting requirement to an insurance company (sixty days) and not police (twenty-four hours). *Youler* is silent on whether the prejudice analysis is applicable to the twenty-four hour requirement to report to the police set forth in West Virginia Code § 33-6-31(e)(1). Accordingly, we find that the circuit court erred in applying the *Youler* prejudice analysis to the instant case and we find no reason, under the facts and circumstances of this case, to extend *Youler* to West Virginia Code § 33-6-31(e)(1).

14

## IV.    CONCLUSION

Wherefore, based on the foregoing, we reverse the February 14, 2023, order of the Circuit Court of Logan County, and remand this matter to the Circuit Court of Logan County for further proceedings consistent with this opinion.

**Reversed and Remanded.**